John Bradley *versus* Edmund Boynton & *al.*

Where a trespass has been committed upon the land of tenants in common, and a settlement has been made with the trespasser by one of such tenants, who released him from all liability for the trespass, as well for his co-tenant as for himself, such settlement and release binds both tenants in common.

A settlement and release of a trespass necessarily operates as a transfer of the property, severed from the freehold, to the trespasser; and when a release of one tenant in common discharges the cause of action, it must have a like effect.

Although one tenant in common of personal property can sell but his own share, and not that of his co-tenant, yet when they have both been deprived of the possession and enjoyment of it by a wrongdoer, their right to compensation for the injury is a joint one, and their remedy is by a joint action; and hence it is, that one of them may release and discharge both the joint right of action, and the action itself.

Trover for a quantity of pine mill logs.

At the trial of the action, after the facts were before the jury, and which are sufficiently stated in the opinion of the

Court, a default was entered by consent, which was to be taken off, if the defence was made out.

*Osgood,* for the defendants, contended that a mortgagee of land, who has not entered into possession for condition broken, cannot maintain trover against a stranger for cutting trees thereon, although perhaps he might against the mortgagor. *Hammatt* v. *Sawyer,* 3 Fairf. 424; 17 Mass. R. 289; 15 Johns. R. 205; 2 Greenl. 387; ib. 173; ib. 132; *Gore v. Jenness,* 19 Maine R. 53; *Wilkins* v. *French,* 20 Maine R. 111.

But if the mortgagee can maintain a suit, one tenant in common as the plaintiff is, cannot maintain trover without joining the other. 12 Pick. 120; Gould's Pl. 200; 1 Chitty's Pl. 43; 13 Johns. R. 286. It is not necessary to plead non-joinder of plaintiffs in abatement.

Nor is the plaintiff in the least relieved from his difficulty by the severance of the trees from the land. One tenant in common cannot maintain trover against the other for a mere detention of the property. Nor can one, without joining the other, maintain a suit against a stranger for the destruction or sale of the property of both. 7 Wend. 449; 9 Wend. 338; 21 Wend. 72; Stark. Ev. (in 2 Vol.) 840; 21 Pick. 559.

The release of Chase, one of the tenants in common, is a complete and perfect bar to the maintainance of the plaintiff's suit. The cause of action is thereby discharged, and the plaintiff's remedy is only on his co-tenant. *Rising* v. *Stannard,* 17 Mass. R. 282; *Knox* v. *Silloway,* 10 Maine R. 201; *Rawson* v. *Morse,* 4 Pick. 127; *Maddox* v. *Goddard,* 15 Maine R. 218; 8 Wend. 505; *Arnold* v. *Stevens,* 1 Metc. 266; 13 Johns. R. 286; Bac. Abr. Release, G.

*Fessenden, Deblois* and *Fessenden,* for the plaintiff, argued, that the mortgagee, although he had not entered into the actual possession for condition broken, could maintain trover for logs cut by a stranger, and sold to the defendants, who had them in possession when the demand was made. An action will lie in favor of the mortgagee against the mortgagor or his assignee for cutting trees. *Stowell* v. *Pike,* 2 Greenl.

387; *Smith* v. *Goodwin*, ib. 173; *Blaney* v. *Bearce*, ib. 132; *Newhall* v. *Wright*, 3 Mass. R. 138. If the mortgagee can maintain trover against the mortgagor, much more shall he against a stranger. Nor could the defendants acquire any title under the trespasser. *Gore* v. *Jenness*, 1 Appl. 53; *Perkins* v. *Pitt*, 11 Mass. R. 130; *Starr* v. *Jackson*, ib. 519; *Higginson* v. *York*, 5 Mass. R. 341; 1 Johns. R. 471; *Ripley* v. *Dolbier*, 6 Shepl. 382. The trespasser can impart to another no rights superior to his own. The mortgagor, as against the mortgagee, has only a right in equity to redeem, but no title. 3 East, 38; 3 Greenl. 424.

Nor can the defendants contend successfully under the release of Chase, the other mortgagee of an undivided share of the land. That release did not discharge the plaintiff's right of action. One tenant in common cannot discharge a trespass committed in relation to a chattel, nor a suit in trover by a co-tenant to recover his share of the value of the chattel. Chase, having wrongfully converted the property, could not convey any rights to the defendants. One tenant in common cannot, like a partner, sell the whole interest of his co-tenant. Nor could he give any greater rights to the defendants, than he had himself. And if a personal chattel, held in common, be sold by one of the tenants as exclusively his own, such sale is a conversion. 9 Cowen, 230; 5 Johns. R. 174; 7 Wend. 449; 4 Wend. 525; 15 Johns. R. 179; 2 Wend 553; *Reed* v. *Howard*, 2 Metc. 36; *Weld* v. *Oliver*, 21 Pick. 559; Buller's N. P. 34. Or if one tenant in common destroy the thing in common, the other may bring trover. *Herrin* v. *Eaton*, 1 Shepl. 193; 1 Taunt. 241; 1 Conn. R. 95; 10 East, 121; 1 L. Raym. 737. One of several tenants in common of a tree, may maintain an action against the others for cutting it down. Chitty on Pl. 170; *Maddox* v. *Goddard*, 3 Shepl. 223; *Gibbs* v. *Chase*, 10 Mass. R. 125; 15 Mass. R. 204; 20 Pick. 413. On a demand by the plaintiff, and a refusal to deliver and a denial of our rights by the defendants, they became liable. 2 Campb. 335; 2 Stark. Rep. 312; 13 Pick. 297; 21 Pick. 559. But, as before said, trover may be

maintained by one tenant in common against another, when the latter sells the whole property as his own. · *White* v. *Osborne*, 21 Wend. 72.

The rule of the common law is, that no right passes by a release, but the right which the releasor had at the time of the release, made. *Quarles* v. *Quarles;* 4 Mass. R. 680 ; Co. Lit. 265. The defendants, therefore, could thereby only acquire Chase's interest, and not the plaintiff's.

The opinion of the Court was afterwards prepared by

SHEPLEY J. — This is an action of trover brought to recover the value of certain mill logs cut and carried away from township numbered one, in the ninth range, by Thomas . J. Grant, . as a trespasser ; and by him delivered to the defendants in payment of advances made to him. The plaintiff and Stephen Chase being at that time mortgagees and tenants in common of that township, a settlement for the trespass was afterwards made with Grant by Chase, who released him from all liability. as well for himself as for his co-tenants. The question presented is, whether the settlement and release of one tenant in common binds his co-tenant, and transfers the property to the trespasser.

In actions *ex delicto* and for injuries to their real property, tenants in common must join. 1 Chitty Pl. 52. *Low* v. *Mumford*, 14 Johns. R. 426: *Rich* v. *Penfield*, 1 Wend. 380. In Ruddock's case, 6 Co. 25, (a) it is said, that when the ground of action is a joint interest and the plaintiffs seek to recover for any personal thing, as in an action of debt or trespass, the release of one shall bar the others. In the case of *Razing* v. *Ruddock*, Cro. Eliz. 648, the rule of law was stated to be, that when an action is brought by several to charge another, the release of one bars the others, while it would not thus operate in a case, where they sought to discharge themselves by the action of a judgment, wherein they had been defendants. The same doctrine was held in the case of *Blunt* v. *Snedston*, Cro. Jac. 117. The case of *Austin* v. *Hall*, 13 Johns. R. 286, was an action of trespass *quare clausum*

brought by tenants in common. The defendant, among other pleas, pleaded releases by two of the plaintiffs ; and the plaintiffs demurred. The Court said, " the action is strictly a personal one, and the plaintiffs were bound to join in it. The release therefore by two of the plaintiffs is a bar to the action." In the case of *Decker* v. *Livingston*, 15 Johns. R. 481, it is said, " there can be no doubt, that when there is such a unity of interest as to require a joinder of all the parties interested in a matter of a personal nature, the release of one is as effectual as the release of all." In the case of *Baker* v. *Wheeler*, 8 Wend. 505, it was decided, that a license given by one tenant in common to cut timber, having himself a right to cut timber on the estate held in common, bound his co-tenant. In the case of *Sherman* v. *Ballou*, 8 Cowen, 304, a discharge of rent by some of the tenants in common was adjudged to bind their co-tenant. This action might have been defeated by a plea in abatement for the non-joinder of Chase ; and if he had been joined his release would have been a bar to the action. The same would have been the result, if the plaintiff had waived the tort, and brought an action of assumpsit for the money received from the sales of logs or lumber. *Gilmore* v. *Wilbur*, 12 Pick. 120. He had therefore no legal remedy for the injury but upon his co-tenant. The omission of the defendants to defeat this action by a plea in abatement, cannot change the legal effect of the release by one of the tenants in common. The right to release the action arises out of the right to control and discharge the ground of action. And if the cause of action may be released after action brought, it may be, after it has arisen and before that time. A settlement and release of a trespass necessarily operates as a transfer of the property to the trespasser. And when a release of one tenant in common discharges the cause of action, it must have a like effect. The plaintiff would avoid this result by shewing, that the mill logs, after they were cut, became the property of the plaintiff and of Chase ; that one tenant in common of personal property can sell his own share only, and that the settlement and release of Chase was an attempt to sell the whole

property; and that it could not therefore destroy the right of property in the plaintiff. These positions are correct, so long as the common property exists unaffected by the illegal acts of others and subject to the possession of the tenants in common. But when they have been deprived of the possession and enjoyment of it by a wrongdoer, their right to compensation for that injury is a joint one; and their remedy is by a joint action. And hence it is, that one of them may release and discharge both the joint right of action and the action itself.

*Default taken off and new trial granted.*