## S. D. WILSON *vs.* W. D. FULLER.

Argued June 22, 1894. Reversed July 10, 1894.

No. 8695.

**Oral sale of standing trees with warranty.**

Where, under an oral contract for the sale of standing timber, to be severed from the land by the vendee, the vendee enters under the license, and severs the timber from the land, the contract becomes an executed one for the sale of chattels, with all the incidents of any other contract for the sale of personal property. Hence, if the sale was with a warranty, and there is a breach of it, the vendor is liable for damages.

**Allegation of fraudulent warranty but the fraud not proved.**

Where a party alleges that certain representations, amounting to a warranty, were fraudulently made, and proves the warranty and its breach, but fails to prove the fraud, he may recover for the breach of the warranty.

Appeal by plaintiff, S. D. Wilson, from an order of the District Court of Itasca County, *G. W. Holland*, J., made January 15, 1894, denying his motion for a new trial.

*True & Neal*, for appellant.

*C. C. McCarthy* and *Choate & Merrill*, for respondent.

MITCHELL, J. The material allegations of the complaint are that plaintiff and defendant entered into a contract whereby the latter

agreed to sell and did sell to the former, for $2,600, to be paid in installments, all of the pine timber, represented to be 2,500,000 feet, standing and growing on certain land; that the defendant fraudulently, and with intent to deceive plaintiff, stated and represented to him that he was the owner of the timber. Although not expressly alleged, it is fairly implied that the agreement was that the timber was to be cut and removed by the plaintiff, and, no time being stated, the law would imply that it should be done within a reasonable time. The complaint further alleges that, in reliance on these representations, plaintiff paid $650 of the purchase money, and entered upon the land, and cut at large expense 2,200,000 feet of timber; that defendant's representations were false, and made with intent to deceive; that he was not the owner of the timber, and had no right or title thereto; that it, together with the land on which it stood, belonged to a third party, who claimed and took from the plaintiff all the timber he had cut, whereby he suffered great damage. Upon the trial the plaintiff introduced evidence tending to prove all the allegations of his complaint except that defendant's representations were fraudulent, and made with intent to deceive. It appeared on the trial that the contract was oral. On defendant's motion the trial court struck out all the evidence of the oral contract, and, when plaintiff rested, dismissed the action, on the ground that the contract was one for sale of an interest in lands, and therefore void because not in writing. It is not necessary to enter upon the consideration of the much-mooted questions whether and when a contract for the sale of standing timber is one for the sale of an interest in lands.

Conceding that, if in parol, such a contract passes no title to the timber while standing, and amounts to a mere revocable license to enter upon the vendor's land for the purpose of severing and removing the timber, yet all the authorities agree that the timber severed under this license becomes the personal property of the vendee. This necessarily proceeds upon the theory that the contract is to be construed as being in the contemplation of the parties an executory one for the sale of chattels only, the title to which is to pass when the timber is severed; in other words, that when the timber is severed the contract becomes an executed one for the sale of personal property, with all the incidents of any other contract of sale of

chattels. Hence, if the contract contained a warranty, and there was a breach of it, the vendor would be liable the same as in the case of any other contract of sale of chattel property. In this case the complaint alleges a fraudulent warranty of title. He has proved the warranty and its breach, but failed to prove the fraud or deceit. But, if all the allegations of the complaint as to fraud and deceit were stricken out, the pleading would still be sufficient to entitle plaintiff to recover upon the warranty; and we are of the opinion that the fact that plaintiff charged that the warranty or representation was fraudulent, but failed to prove that fact, will not prevent him from recovering for the breach of the warranty. We are aware that the contrary is held in *Ross* v. *Mather*, 51 N. Y. 108, but it was held as long ago as *Williamson* v. *Allison*, 2 East, 446, that in an action on the case in tort for a breach of warranty of goods the *scienter* need not be charged, nor, if charged, need it be proved. This seems to us the better rule, and the one more in accordance with the provision of the Code that, if there be an answer, the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue. The court therefore erred in dismissing the action. The plaintiff made a case for damages for a breach of the warranty of title; the question of the proper measure of damages is not presented.

Of course, what is said is predicated upon plaintiff's claim as to the nature of the contract. If the contract was, as defendant alleges, merely one for a quitclaim deed of his interest in the land, the plaintiff would have no claim, in the absence of fraud or deceit, for damages because of failure of title.

Order reversed.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 988.)