## ANTRIM IRON CO. *v.* ANDERSON.

1. LICENSES—SALES OF STANDING TIMBER—INVALID CONTRACTS—STATUTE OF FRAUDS.

Though an oral contract to sell standing timber is invalid as a contract, yet it is good as a license, and timber cut thereunder before its revocation becomes the property of the licensee,

2. PRINCIPAL AND AGENT — AUTHORITY OF AGENT — LICENSE TO CUT TIMBER—NECESSITY OF WRITING.

It is not necessary that the agent who gives license to cut standing timber should have written authority.

3. SAME — LIABILITY OF PRINCIPAL — APPARENT AUTHORITY OF AGENT.

The liability of a principal to third persons, who have relied on the agent's apparent authority, in good faith and in ignorance of any limitations or restrictions thereon is measured by such apparent authority, and not by the agent's actual or express authority, where that differs from the apparent, regardless of whether the agency be a general or special one.

4. SAME—INSTRUCTIONS—HARMLESS ERROR.

Where an agent's authority in the premises is established by undisputed testimony, a charge authorizing the jury to find that the principal ratified the agent's action is not prejudicial although there is no evidence justifying it.

Error to Antrim; Mayne, J.    Submitted April 6, 1905. (Docket No. 31.)    Decided July 21, 1905.

Replevin by the Antrim Iron Company against James Anderson.    There was judgment for defendant, and plaintiff brings error.    Affirmed.

*Nelson C. Weter* (*T. J. O'Brien*, of counsel), for appellant.

*W. S. Mesick*, for appellee.

CARPENTER, J.    Plaintiff brings this action of replevin to recover timber cut from section 31, Star township, Antrim county, Mich., by one Elgie Dow, and by Dow sold to defendant.    On the 10th of September, 1902, plaintiff, the owner of said timber, acting through its agent, Charles L. Bolio, entered into a contract with Dow, whereby Dow agreed to cut, skid, draw, and load on cars the timber in question and the timber standing on four other sections belonging to plaintiff.    In February, 1903, this contract was rescinded, and a new and oral contract made, by which Dow purchased from the plaintiff, through said Bolio, its agent, certain timber standing on the land covered by the former written contract.    There is a dispute as to what standing timber was embraced in this new oral contract.    Plaintiff's testimony tends to prove that it covered all the standing timber embraced in the written contract, except that on section 31.    Defendant's testimony tends to prove that it covered the standing timber on all the land embraced within the written contract, including that on section 31.    At the time this oral contract was made it was contemplated by Bolio and Dow that it should be put in writing; and that in the meantime, according to the testimony of the defendant, Dow might enter upon the lands, and commence cutting and removing the timber.    Bolio testifies that he subsequently did execute a writing, and mail it to Dow, and that in this writing the timber standing on section 31 was not included.    Dow testi-

fies that this writing was never received by him, and that before he was interfered with he had cut the timber in question. It is conceded that the consideration paid by Dow was actually received by plaintiff. Plaintiff never gave Bolio any written authority to act for it, nor any express verbal authority to sell the timber standing on section 31. The issue was submitted to a jury, who rendered a verdict for the defendant. Plaintiff brings the case to this court, and urges many reasons why the judgment entered on said verdict should be reversed.

We answer many of those reasons by saying, *first*, though the contract to sell the standing timber was invalid as a contract because not in writing (see *Russell* v. *Myers*, 32 Mich. 522), it was good as a license, and the timber, having been cut before the license was revoked, became the property of Dow; *second*, it was not necessary that the agent who gave this license should have written authority. *Spalding* v. *Archibald*, 52 Mich. 365, is authority for each of the foregoing propositions.

Plaintiff contends that there was no evidence tending to prove that Bolio had even verbal authority to sell this timber to Dow. The undisputed evidence shows that Bolio did have authority to contract with Dow for the lumbering of all this timber, and that he also had authority to sell Dow all the standing timber covered by said contract except that on section 31. There was also evidence that Dow bought the timber believing Bolio had authority to sell it. The legal rule applicable to this case is correctly stated by Mr. Mechem in his work on Agency (section 283) as follows:

" The principal is bound to third persons who have relied thereon in good faith and in ignorance of any limitations or restrictions by the apparent authority he has given to the agent, and not by the actual or express authority where that differs from the apparent; and this, too, whether the agency be a general or a special one."

Under this rule it cannot be said that Bolio did not have verbal authority to make the contract in question.

The court charged, in effect, that the jury might find that plaintiff ratified the action of its agent, Bolio. Plaintiff contends that there was no evidence justifying this charge. If so, the charge was not erroneous, because it bore only upon the question of Bolio's authority, and under the rule we have just stated the undisputed testimony established that authority.

Many complaints of plaintiff relate to rulings admitting testimony introduced by defendant. We have carefully examined each of these complaints. It would be of no service to the profession to detail them. It is sufficient to say that all this testimony was properly admitted. Some of that testimony tended to prove the contract, some of it tended to prove Bolio's authority, and some of it had a legitimate tendency to discredit plaintiff's witnesses.

Complaint is made of improper language used by defendant's counsel in his argument to the jury. We think it sufficient to say that under the authority of *Cameron Lumber Co.* v. *Somerville,* 129 Mich. 552, this language was not reversible error.

No other complaint demands discussion. The judgment is therefore affirmed.

MOORE, C. J., and MCALVAY, GRANT, and MONTGOMERY, JJ., concurred.