## EDWIN ST. JOHN v. JOHN SINCLAIR.[1]

June 25, 1909.

Nos. 16,192—(170).

**Permit to Cut Timber — Assent of Joint Tenant.**

Todd and wife were owners as joint tenants of certain land. Todd, for a valuable consideration, and in the presence of his wife, and with her express consent, granted to one Newman a written permit to enter upon the land and cut and remove therefrom all timber standing thereon. Both husband and wife thereafter joined in executing a written permit to plaintiff, thereby

[1]Reported in 122 N. W. 164.

authorizing him to cut and remove the timber theretofore granted to New-man. Plaintiff had actual notice of the Newman permit. It is *held* that the express assent of Mrs. Todd to the Newman permit, though not valid as a contract of sale, because not in writing, amounted to a license from her, and a protection to Newman or his assignee for acts done thereunder before notice of its revocation.

Action in the district court for Washington county to recover $1,221 damages for cutting timber on the land of plaintiff's lessors The answer set up the facts stated in the opinion. The case was tried before Stolberg, J., who ordered judgment in favor of defendant. From a judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*J. N. Searles,* for appellant.

*J. C. Nethaway,* for respondent.

BROWN, J.

Action to recover the value of certain timber alleged to have been wrongfully and unlawfully cut and removed from the land described in the complaint. Defendant had judgment, and plaintiff appealed.

The facts, as disclosed by the findings of the trial court, are as follows: Thomas Todd and Ella Todd, husband and wife, were the owners of the land as joint tenants. Some time prior to October 22, 1903, Thomas Todd, for a valuable consideration, in the presence of his wife, and with her express consent, signed and delivered to one Newman a logging permit, authorizing him to enter upon the land at any time prior to May 1, 1904, and cut and remove therefrom for his own use and benefit "all the pine trees, logs, or other timber suitable for logs." For a better understanding of the case we insert a copy of the permit:

"In consideration of the sum of two hundred and twenty-five dollars ($225.00) to me in hand paid, the receipt of which is hereby acknowledged, I hereby grant, bargain, and sell unto F. A. Newman the right, privilege and permission to enter upon the following described land, situated in Pine county, Minn., to wit: The N. W. ¼ of section 8, in town 41, range 17 west, at any and all times prior to May 1st, 1904, when this permit shall cease and terminate, and dur-

ing said time to cut and remove for his own benefit all the pine trees, logs or other timber suitable for logs, standing or being thereon.

"Witness:                                          Thomas Todd."

"Maysel Todd."

On October 22, 1903, Newman, for a valuable consideration, assigned all "his right, title, interest and claim in and to the logs and timber described" in this permit to defendant herein. Defendant obtained the assignment in good faith, and had no knowledge of any imperfections therein. Defendant thereafter, and acting under the permit and assignment thereof, and prior to the expiration thereof, entered upon the land and during the winter of 1903–1904 cut and removed therefrom the logs and timber for which this action is brought.

Plaintiff founds his action upon the following facts: On November 10, 1903, a few weeks after the execution and delivery of the Newman permit, Todd and wife joined in the execution of a permit to plaintiff, thereby authorizing him to enter upon the land and cut and remove the timber theretofore granted to Newman. At the time this permit was granted plaintiff "had full knowledge and information" of the outstanding permit to Newman, and of the fact that it had been assigned to defendant. So far as the record before us discloses, the findings are silent upon the subject; neither Newman nor defendant was informed, prior to the time the timber was cut, of the permit to plaintiff; and it must be presumed that defendant proceeded in good faith in cutting and removing the timber without notice of plaintiff's rights. Upon these facts the trial court ordered judgment for defendant.

Counsel for plaintiff contends that inasmuch as the Newman permit was assigned by Todd alone, and did not upon its face purport to grant the interests of his joint owner, his wife, Newman acquired a half interest in the timber only; that the permit amounted to a sale of an interest in the land, and, the wife's assent thereto not having been in writing, was void under the statute of frauds as to her interest; and therefore, there being no question as to the validity of plaintiff's permit, that he is entitled to judgment for the wife's interest, namely, one-half the value of the timber removed.

The contention cannot, on the facts presented, be sustained. The

Newman permit, to which Mrs. Todd expressly assented, granted the right to cut and remove all the timber standing or being upon the land. Without stopping to consider whether the sale by her co-owner of all the timber would bind her (Baker v. Wheeler, 8 Wend. 505, 24 Am. Dec. 66; Bradley v. Boynton, 22 Me. 287, 39 Am. Dec. 582; Alford v. Bradeen, 1 Nev. 228), it is clear under the authorities that her assent, though not in writing, as required by the statute of frauds, and therefore void as a contract of sale, amounted to a license to enter the land for the purpose of severing and removing the timber, and as such was valid, and a complete protection to the licensee or his assignee until revoked in some manner authorized by law (Keystone v. Kolman, 94 Wis. 465, 69 N. W. 165, 34 L. R. A. 821, 59 Am. St. 905; Drake v. Wells, 93 Mass. 141; Antrim v. Anderson, 140 Mich. 702, 104 N. W. 319, 112 Am. St. 434; Welever v. Advance, 34 Wash. 331, 75 Pac. 863; Wilson v. Fuller, 58 Minn. 149, 59 N. W. 988). Such licenses, being purely personal, are revocable at the pleasure of the person granting them, except, perhaps, in those cases where granted for a valuable consideration, and an interest in the subject-matter becomes vested in the licensee.

A revocation, where authorized, results from the death of the grantor, or by a subsequent sale or conveyance of the property to a third person, and perhaps from any act inconsistent with an intention that the granted privilege should continue. Where, however, the licensee acts upon the license, it becomes executed, and cannot thereafter be revoked. Wilson v. Fuller, 58 Minn. 149, 59 N. W. 988; 25 Cyc. 650, and cases cited. The record in this case fails to show a revocation by Mrs. Todd prior to the time defendant entered upon the land and severed and removed the timber therefrom. The subsequent valid permit to plaintiff, executed by both the Todds, would undoubtedly have constituted a revocation, had it been brought to the notice of defendant before he removed the timber. But so far as the record shows no notice of the second permit was ever communicated to him, and he proceeded in good faith to cut the timber without notice of its existence, or of any claim of right on the part of plaintiff. While an ordinary license to enter upon the lands of the grantor requires no prior notice of an intention to revoke as to the future, a revocation rightly

made cannot act retrospectively, and render an act done by authority of the license, and therefore lawful, wrongful and unlawful. Plaintiff had actual notice of the Newman permit, and is in no better position than Mrs. Todd would be, had she brought this action. Clearly, under the facts stated, she could not recover.

Judgment affirmed.