CRONK *v.* MULVANEY.

1. PRINCIPAL AND AGENT—ESTOPPEL—EVIDENCE.
   Agency in fact may be implied where one person, by his conduct, holds out another as his agent and thereby invests him with apparent or ostensible authority as agent.

2. SAME—ADMISSIONS.
   Acts and admissions of defendant, after the commencement of suit, tending to show his acquiescence in the things done by his agent, were competent evidence against him.

3. CUSTOMS AND USAGES — CONTRACTS — CONSIDERATION — WORK,
    LABOR AND SERVICES.

   In an action of replevin for hay, which plaintiff grew on defendant's land under an arrangement which was silent as to the amount and method of compensating plaintiff for his services, evidence of a custom in the community to divide the hay in equal shares was properly admitted.

4. REPLEVIN—CROPS—PERSONAL PROPERTY.

   After the severance of crops from the realty, they become personal property and are recoverable by one having the right of possession in an action of replevin.

Error to Eaton; Smith, J. Submitted November 21, 1911. (Docket No. 151.) Decided January 23, 1912.

Replevin by Delbert Cronk against Maynard Mulvaney for a quantity of hay. Judgment for plaintiff. Defendant brings error. Affirmed.

*G. D. Blasier*, for appellant.

*George Huggett*, for appellee.

This is an action of replevin to recover the possession of certain hay cut and stored by the plaintiff upon the defendant's premises. The record shows that in the spring of 1909 defendant was the owner of a farm lying near one owned by the plaintiff; that Fred Mulvaney, the father of the defendant, went to plaintiff, and asked him to take charge of defendant's farm, as they were going away; that said Fred Mulvaney represented to plaintiff that he had a power of attorney to act for his son in the premises. With reference to the hay, plaintiff testifies:

   " He told me that I could either cut the hay myself, or let it in fields out to my neighbors—he mentioned one—and if I let it in fields, I was to see it was put in in good shape, or it was not cut too green, and was put in in a workmanlike manner."

Relying upon this arrangement, which contained no stipulation as to plaintiff's compensation for harvesting the hay, plaintiff in due season cut and placed the hay in

a barn upon defendant's premises. Later in the season, Fred Mulvaney returned to the farm, and notified plaintiff that it was time to divide the hay. One mow was cut down through the center, and plaintiff drew his half away. It was determined to bale the balance. Plaintiff and Fred Mulvaney together furnished the help necessary for this operation. When part of the hay had been baled, plaintiff decided that his half of the balance should not be baled, as he desired to keep it for his own use. Thereupon the hay that remained in that mow was cut down through the center, and under the direction of Fred Mulvaney defendant's half was baled. This baled and unbaled hay seems to have remained in defendant's barn until the spring of 1910, when plaintiff went with men and teams to remove that portion which he claimed to be his. Defendant himself, who had meantime returned to his farm, refused to permit plaintiff to take any part of the hay. Plaintiff thereupon sued out a writ of replevin.

In executing the writ, the officer supposed that the unbaled hay in the mow would have to be divided. One present at the time remarked that it had already been divided, whereupon defendant said: "That is the hay as it was divided; that all belongs to Mr. Cronk." Evidence was admitted, over the objection of defendant, tending to show that it was the custom or usage in that neighborhood, where hay was properly cut and stored as this was, without an agreement as to compensation, for each party to take one-half of the crop. Plaintiff having recovered a verdict, defendant reviews his case in this court by writ of error.

BROOKE, J. (*after stating the facts*). The first four assignments of error argued by defendant are based upon rulings of the trial judge, by which he permitted plaintiff to testify to what occurred between himself and Fred Mulvaney at the time the hay was divided. Earlier in the trial, plaintiff had testified, without objection, to the fact that his bargain had been made with defendant's father, upon the father's representation that he had a

power of attorney from his son, the defendant. We think the testimony was properly admitted. Agency in fact may be implied where one person by his conduct holds out another as his agent, and thereby invests him with apparent or ostensible authority as agent. 31 Cyc. p. 1219. 3 Current Law, p. 102. It is to be noted that the defendant did not deny that the arrangement had been made as claimed by plaintiff; indeed, Fred Mulvaney, who testified on behalf of defendant, said:

"I think I made a bargain with the man, and I wanted to close the bargain all up with him and settle up my affairs with him before leaving; and I did take these matters all up, and talked it over about the share of the hay and dividing it."

Assignments of error 5, 6, 7, and 8 refer to rulings of the court admitting testimony as to what was said and done by defendant after suit was commenced. This testimony was admissible, as it tended to show acquiescence by the defendant in the acts of his father as his agent.

Assignments of error 12 to 14, inclusive, relate to the admission of testimony as to usage or custom. The contract being silent upon the question of compensation for the service to be performed, evidence of custom or usage in that neighborhood was properly admitted. Beecher on Contracts, § 20, p. 45.

The fifteenth assignment of error raises the question of the propriety of the remedy by replevin. Where crops or timber are severed from the realty, they become personal property, and one entitled to the possession thereof may have recourse to the action of replevin. *Crapo* v. *Seybold,* 36 Mich. 444; *Spalding* v. *Archibald,* 52 Mich. 365 (17 N. W. 940, 50 Am. Rep. 253); *Sutherland* v. *Carter,* 52 Mich. 151, 471 (17 N. W. 780, 18 N. W. 223); *Antrim Iron Co.* v. *Anderson,* 140 Mich. 702 (104 N. W. 319, 112 Am. St. Rep. 434).

The judgment is affirmed.

MOORE, C. J., and STEERE, McALVAY, and BIRD, JJ., concurred.