## CONSOLIDATED FLOUR MILLS CO. v. ROBERTS.

No. 16384—Opinion Filed May 4, 1926.

Rehearing Denied Jan. 18, 1927.

**1. Corporations — Foreign Corporations — Actions Against—Service—Statute.**

Where a foreign corporation has transacted business in this state by buying and storing grain in its elevator pending shipment, said elevator being in charge of an agent-manager, and the business there conducted being supervised by the corporation by and through its accredited representatives by personal visits and by telephonic and written instructions, it is subject to the provisions of Comp. Stat. 1921, sec. 5442, as to service of process in actions brought to enforce claims which arose prior to the sale of its property and its withdrawal from the state.

**2. Same—Validity of Judgment—Due Process of Law.**

In such actions, where it appears that the corporation had actual notice of the pendency of the action and was present and participated in the trial upon the merits, the fact that service upon it was obtained through the Secretary of State as authorized by section 5442, Id., although a special appearance and motion to quash was made and overruled, does not render a judgment entered upon such trial obnoxious to the "due process clause" of the federal Constitution.

**3. Principal and Agent—Authority of Agent —Apparent Scope—Private Limitations.**

Agency is a question of fact, and before one dealing with an agent within the apparent scope of the agent's authority can be bound by limitations of that authority not apparent from the agent's general course of dealing, it must appear that the limited authority of the agent was known to the one dealing with him, or that such facts were known as would put a reasonably prudent man upon inquiry as to the extent of such authority with reference to the particular transaction involved.

(Syllabus by Logsdon, C.)

Commissioners' Opinion. Division No. 1.

Error from District Court, Grant County: A. S. Wells, Assigned Judge.

Action by E. P. Roberts against the Consolidated Flour Mills Company for the sum of $541 with interest. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was commenced June 18, 1923, by plaintiff filing his petition in the district court of Grant county, wherein it was alleged in substance that defendant for the past two years has been engaged in the business of operating a line of elevators in Grant county, at which said defendant bought wheat and other grain and stored wheat and other grain, and that this plaintiff stored with said defendant in its elevator at Lamont certain wheat amounting to 541 bushels; that said wheat was so stored with defendant under an oral agreement and understanding that the same should be kept by said defendant until plaintiff either desired said wheat or desired to sell the same, and in the event he desired to sell the same that defendant would pay to him the market price on the date of such election by plaintiff; that on September 6, 1923, said defendant sold and disposed of said elevator at Lamont and took and converted said wheat of plaintiff to its own use, and, on said date, or at some other date unknown to plaintiff prior thereto, the defendant removed said wheat from the state of Oklahoma, and did either sell, dispose of, or retain the same at some place outside of the state of Oklahoma, and on said date the said plaintiff demanded said wheat or the price thereof, which was $1 per bushel, but that defendant denied liability and refused to deliver said wheat to plaintiff, or to pay the price thereof, but that defendant wholly converted said wheat to its own use and benefit, whereby it became and is indebted to plaintiff in the sum of $541, and he prayed judgment for this amount with interest at 6 per cent. per annum from September 6, 1923.

Thereafter, on October 17, 1923, defendant filed its motion to quash service, the ground of said motion being that defendant is not engaged in business in the state of Oklahoma, nor has it been at any time since the commencement of this action; that defendant did not own any property within the jurisdiction of the court at the time of the filing of plaintiff's petition, and has not owned any property in the state of Oklahoma since that time; that defendant was not licensed in any way to do business in the state of Oklahoma at the time of or since the filing of this action; that defendant has not appointed or designated any agent upon whom service of summons might be had within the state, and that the Secretary of State has never forwarded to or served upon the defendant any summons or any other notice of the commencement of this action; that the court is therefore without jurisdiction of the defendant. This motion to quash service was by the court overruled January 7, 1924, and exceptions reserved by defendant. Thereafter defendant filed a motion to require plaintiff to make his petition more definite and certain in certain particulars, which was overruled by the court, and a demurrer to the petition was also overruled. Thereafter defendant answered, first, by a plea to the jurisdiction of the court, which was substantially in the language of the motion to quash, and by general and specific denials of the allegations contained in plaintiff's petition. Upon trial to the court and jury, and at the conclusion of plaintiff's evidence, defendant interposed a demurrer to the evidence, which was overruled by the court. Defendant duly excepted to this action of the court, and elected to stand upon its demurrer to plaintiff's evidence. Thereupon the court withdrew the case from the jury and entered judgment in favor of the plaintiff and against the defendant. After unsuccessful motion for new trial defendant has brought the case here by petition in error with case-made attached for review.

Beeching & Burnett, Charles Hall, J. E. Falkenberg, and W. M. Bowles, for plaintiff in error.

J. B. Drennan and Sam P. Ridings for defendant in error.

Opinion by LOGSDON, C. Defendant's first and principal contention for reversal of this cause is alleged error of the trial court in overruling its motion to quash service of summons and in denying its plea to the jurisdiction. In support of this contention it is asserted that Comp. Stat. 1921, sec. 5442, is unconstitutional and void, in that it operates to deprive this defendant of its property without due process of law. That section reads:

"Any foreign corporation, doing business in the state of Oklahoma, having failed either to appoint an agent upon whom service of summons or other process may be had, or failed to file in the office of the Secretary of State a duly authenticated copy of its articles of incorporation or character (charter), or having failed to pay the license fee as required by law, then, in the event of said foreign corporation having failed to comply with any of the provisions of the law as above referred to, any person now or hereafter having any cause of action against any foreign corporation may file suit against said foreign corporation in any county in the state, and service of summons or any process upon the Secretary of State shall be sufficient to give jurisdiction of the person to any court in this state having jurisdiction of the subject-matter."

The constitutionality of this statute has been upheld by this court against similar contentions in the cases of Title Guaranty & Surety Co. v. Slinker, 42 Okla. 811, 143 Pac. 41, and Kaw Boiler Works v. Frymyer, 100 Okla. 81, 227 Pac. 453. In support of its contention defendant cites and relies upon two cases from the federal court, but these are considered to be readily distinguished from the instant case by reason of the facts. In the case of King Tonopah Mining Co. v. Lynch, 232 Fed. 485, the court had under consideration the question of granting equitable relief against a judgment of which the mining company knew nothing until the time had expired for proceedings to vacate it under state law. In the bill it was disclosed that the complainant had a meritorious defense to the original action, and that valuable property belonging to it had been seized and sold under the default judgment. The conclusion announced by the court was:

"Under all the conditions, I am constrained to hold that the service in question did not constitute due process of law. I shall therefore reopen the case, in order that evidence may be introduced on the issue raised by plaintiff's allegations that he had, and has, a good and sufficient defense on the merits to the action in the state court."

In the case of Knapp v. Bullock Traction Co., 242 Fed. 543, action was originally commenced in the superior court of Los Angeles county, Cal., but after service of process the cause was removed to the federal court. There motions were made to quash service. It was shown that service had been obtained in two ways. There had been personal

service upon the "business agent" of defendant within the state, which the court held to be a valid and effective service. After so holding, the court said:

"Although, in view of the holding of the sufficiency of the service on the business agent of defendant, the question of the sufficiency of the service upon the Secretary of State is not necessary to a decision herein, yet, since motion has been made to quash it, I am constrained to hold that such motion should be granted."

Notwithstanding the court had jurisdiction of defendant under a valid service of process on its business agent. and notwithstanding the additional service on the Secretary of State was wholly immaterial, the court proceeded, in an opinion admittedly dictum. to strike down a statute of the state.

In the instant case defendant owned and operated an elevator at Lamont, which was in charge of an agent-manager. Defendant exercised visitorial and supervisory control over its operations through its officers, at least two of whom, the superintendent of elevators and the superintendent of mills, inspected and checked up the business there at irregular intervals, and who gave both written and oral instructions to the local agent-manager. This course of business dealing continued for about three years prior to the transactions giving rise to this litigation.

In International Harvester Co. v. Kentucky. 234 U. S. 579, it was said:

"We are satisfied that the presence of a corporation within a state necessary to the service of process is shown when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the state."

In the case of Kaw Boiler Works v. Frymyer, supra, this court said:

"For alleged wrongs done by a foreign corporation, in the course of its business, while in the state, it will be subject to suits for relief in the actions in personam. commenced after the corporation has terminated its business and departed from the state. If the corporation has failed to appoint an agent for service, the Secretary of State will continue as service agent for process in such actions, as fully and effectively as if the corporation was then engaged in business in the state. Mutual Reserve Fund Life Ins. Ass'n v. Phelps, 190 U. S. 147, 47 L. Ed. 987; Conn. Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 43 L. Ed. 569; Hill v. Empire State Idaho Mining & Dev. Co., 156 Fed. 797; Gross v. Nichols, 72 Ia. 239, 33 N. W. 653; Meixwell v. American Motor Car Sales Co., 181 Ind. 153.

Ann. Cas. 1916D, 375, 103 N. E. 1071; Reese Lumber Co. v. Licking Coal & Lumber Co., 156 Ky. 723, 161 S. W. 1124: Fletcher, Cyclopedia Corporations, vol. 9, section 6046, page 10425."

In Hill v. Empire State-Idaho Mining & Developing Co., 156 Fed. 797, it appeared that defendant had conducted certain mining operations which it was alleged caused pollution of a certain stream and its tributaries, resulting in damages to plaintiff. In 1903 defendant disposed of all its property in Idaho and withdrew from the state. During its operations there it had appointed W. H. North as its agent to receive process, under a statute of that state requiring such appointment by a foreign corporation doing business within the state. In 1907 the action was commenced in the state district court and service had upon North. Upon removal of the cause to the federal court defendant appeared specially by motion to quash service. In sustaining the service and the jurisdiction in that case the court said:

"My conclusion upon this phase of the case is that it is within the power of a state to provide by statute that before any corporation shall transact business within its borders such corporation shall designate an agent in the state, or consent that the incumbent of a certain office within the state shall be its agent, for the service of process in any suit in the courts of such state involving a controversy growing out of the business transacted by such corporation within the borders of such state, whether such suit be brought before of after the corporation ceases to do business, and that a corporation, having assented to such statutory provisions and designated an agent, must respond to process served upon such agent in the mode prescribed by law."

In the instant case there was no default judgment for equity to relieve against. After its motion to quash and plea to the jurisdiction was overruled, and after its motion to make more definite and certain and its demurrer to the petition were both overruled, it answered to the merits, reserving its exceptions to the prior rulings. Upon the trial on the merits defendant offered no proof in support of its answer, but contented itself with a demurrer to plaintiff's evidence, and elected to rely thereon.

This leads to a consideration of the two questions presented on the merits. The first question is as to the sufficiency of the evidence to establish Boyer's agency for defendant. Upon a demurrer to the evidence in a law action, the question for determination by the court is whether the evidence demurred to, together with all inferences

and conclusions to be logically drawn therefrom, tends to prove the facts essential to a recovery or defense.

Without recapitulating the evidence, but after a careful reading of the entire record, it cannot be said as a matter of law that the fact of agency was not reasonably established. That defendant got plaintiff's grain, or its proceeds, and that it has not paid for same, is not seriously questioned. The testimony of Boyer and the railroad agent shows that all the grain received at defendant's elevator at Lamont was shipped direct to defendant or to its order. The sole contention on this phase of the case is that Boyer's agency was not such as to bind defendant by his acts. The evidence of agency was amply sufficient to sustain the action of the trial court on demurrer thereto. In the case of National Surety Co. v. Miozrany et al., 53 Okla. 322, 156 Pac. 651, this court said, in the second paragraph of the syllabus:

"When an agent is held out to the world as one having the authority of a general agent, any private instructions or limitations upon his authority in a particular case, not communicated or known to those dealing with such agent, will not relieve the principal from liability incurred, where the agent oversteps such limitations."

In the body of the opinion, at page 326, it is said:

"While, as between the principal and the agent, the scope of the latter's authority is that authority which is actually conferred upon him by his principal, which may be limited by secret instructions and restrictions, such instructions and restrictions do not affect third persons ignorant thereof; and, as between the principal and third persons, the mutual rights and liabilities are governed by the apparent scope of the agent's authority, which is that authority which the principal has held the agent out as possessing, or which he has permitted the agent to represent that he possesses, and which the principal is estopped to deny. Merchant's Bank v. State Nat. Bank, 10 Wall. 604, 19 L. Ed. 1008; Antrim Iron Works v. Anderson, 140 Mich. 702, 104 N. W. 319, 112 Am. St. Rep. 434; General Cartage & S. Co. v. Cox, 74 Ohio St. 284, 78 N. E. 371. 113 Am. St. Rep. 959; Bentley v. Doggett, 51 Wis. 224, 8 N. W. 155, 37 Am. Rep. 827; Fishbaugh v. Spunaugle, 118 Iowa, 337, 92 N. W. 58; Banks Bros. v. Everest, 35 Kan. 687, 12 Pac. 141.

Finally, it is contended and urged by defendant that the evidence does not sustain the allegations of plaintiff's petition in this, that while plaintiff's petition sets forth a cause of action in conversion, the evidence shows a sale and resulting action for debt; that this constitutes a fatal variance and failure of proof.

In construing a pleading for the purpose of determining the nature of the action and the relief sought, all of the allegations should be considered together. A specific statement of facts will always control over a general statement, whether the general statement be or be not considered as a legal conclusion. Whitaker v. Crowder State Bank, 26 Okla. 786, 110 Pac. 776. It is true that plaintiff alleged that defendant "converted said wheat and all of the same to its own use," but no facts are alleged to show that the original taking was wrongful, or that the conversion was tortious. On the other hand, there are specific allegations of an oral contract between plaintiff and defendant, whereby defendant agreed to hold said wheat and to redeliver same to plaintiff, or pay him therefor, at the market price at date of election by plaintiff. It is nowhere alleged that plaintiff demanded a return of the specific property, but the allegation is that "plaintiff demanded the said wheat or the price thereof on said date at Lamont, Okla." The general allegation of a conversion must therefore be regarded as a mere legal conclusion of the pleader, which is controlled by the specific allegations of facts showing the action to be one for the recovery of money had and received by defendant to plaintiff's use.

"An action will lie to recover a sum certain whenever one has the money of another which he in equity and good conscience has no right to retain."

This is the general rule, and it has received application here in many cases, beginning with Allsman v. Oklahoma City, 21 Okla. 142, 95 Pac. 468. Plaintiff's testimony reasonably tended to show that all wheat stored in defendant's elevator at Lamont, including that of plaintiff, had been milled or sold by defendant; that when defendant's superintendent made the final clean-up and check of the Lamont elevator prior to its sale, he took with him to Hutchinson the record of the transaction with plaintiff, but before leaving Lamont stated that the claim of plaintiff would have to be paid. There was therefore ample evidence to sustain the action of the trial court in overruling the demurrer to plaintiff's evidence.

Upon the whole record no reversible error is made apparent, and the judgment of the trial court in affirmed.

By the Court: It is so ordered.

Note.—See under (1) 14a C. J. 1404 §4127; 21 R. C. L. p. 1341; 3 R. C. L. Supp. p. 1227. (2) 14a C. J. p. 1405, §4123. (3) 2 C. J. p. 566, §209; 21 R. C. L. p. 854; 3 R. C. L. Supp. p. 1196; 4 R. C. L. Supp. p. 1436; 5 R. C. L. Supp. p. 1175.