ROBERT W. CUMMINGS and Wife *vs.* ANDREW J. FINNEGAN.

CHARLES J. BOLMGREN *v.* SAME.

February 12, 1890.

**Claim under Unrecorded Deed—Notice to Subsequent Grantee in Quitclaim Deed.**—The plaintiffs claim the land in controversy under a deed which was not recorded when defendant procured a quitclaim deed of the same land, executed by plaintiffs' grantor. *Held,* that previous notice to the defendant that plaintiffs were claiming title as exclusive owners, and that they asserted and claimed that they had purchased the entire remaining interest of such grantor in the government subdivision which included the lots in controversy, was sufficient to put the defendant upon inquiry in respect to plaintiffs' title, and to support the finding of actual notice to him as made by the trial court.

Actions in the district court for Hennepin county, to determine adverse claims to vacant lots in Minneapolis. The defendant appeals from an order by *Smith,* J., in each case, refusing a new trial.

*A. D. Smith* and *John Hay,* for appellant.

*Koon & Semple,* for respondents.

VANDERBURGH, J. The only question necessary to be considered in these cases is whether the evidence is sufficient to support the finding of the court in each case that the defendant had notice, before his alleged purchase of an interest in the lots in controversy, that they were owned by the plaintiffs; the plaintiff in the second action claiming title under the plaintiffs Cummings. Prior to 1869, the plaintiff Robert W. Cummings and one Angell owned the government subdivision embracing these lots, being the east half of the southwest quarter of section 13, township 29, range 24, as tenants in common,

Cummings having previously conveyed one undivided half to him; and on the 3d day of February, 1869, Angell conveyed to the plaintiff Martha J. Cummings his title and interest in that part thereof which now includes Cummings' Second Addition to Minneapolis; but the deed was not recorded until April 7, 1889. In 1882, the plaintiffs Robert W. and Martha J. Cummings caused the land so conveyed, or a portion thereof, to be surveyed and platted as "Cummings' Second Addition," above described; and the plat thereof was duly recorded in May, 1884. The lots here in question are situated in that addition. The plaintiff Bolmgren bought of Cummings and wife the lot claimed by him in 1886, and the same year built a house thereon, and has since occupied the same with his family.

It is found that on August 23, 1887, Angell and wife executed and delivered to defendant a quitclaim deed of an undivided half of his right, title, and interest in the lots in controversy here, described as lot 10 in block 5, and lot 10 in block 4, in Cummings' Second Addition to Minneapolis, which deed was recorded in September, 1887; and the defendant claims title to the interest thereby purporting to be conveyed, superior to that of plaintiffs, on the ground that he is a *bona fide* purchaser for value, whose deed was first recorded. But we think the evidence was sufficient to support the finding of the court in respect to notice; for, in addition to the record of the plat filed by plaintiffs, and sales by them of lots in accordance therewith, the situation, value, and occupancy of the premises, and that defendant accepted a quitclaim deed, and paid only a small consideration for the conveyance to him, the testimony of the plaintiffs shows that defendant, before he made the purchase, and while he was investigating the question of the title to land which Angell had owned, and seeking to ascertain the address of Angell, who was a non-resident, was informed by the plaintiff Robert W. Cummings that the plaintiffs owned, and had acquired by purchase from Angell, his entire interest in that quarter-section, and owned the whole of it, "even to the burying-ground." And this was but a short time before defendant commenced correspondence with Angell. The reasonable inference from this information would be that Cummings had obtained a deed from Angell since the original conveyance to the latter of an

undivided interest. It therefore became the duty of the defendant to make further inquiry, which it is reasonably certain would have led to actual knowledge of plaintiffs' unrecorded deed; and such information, coming from parties who were claiming to be the proprietors of the addition, as shown by their sales and by the plat, of which defendant had notice, was certainly competent and material upon the question of notice, and could not be safely ignored or disregarded. *Jewell* v. *Truhn*, 38 Minn. 433, 438, (38 N. W. Rep. 106;) *Reed* v. *Gannon*, 50 N. Y. 345, 351; *Ellis* v. *Horrman*, 90 N. Y. 466, 475.

Order affirmed.