JOHN McALPINE v. MICKEL RESCH and Others.[1]

April 5, 1901.

Nos. 12,285—(185).

### Issues of Fact—Review on Appeal.

Where, in an action triable to the court, issues of fact are submitted to a jury, such issues will be considered here, upon review, in the light treated by the court and jury at the trial, without arbitrarily applying technical legal rules of interpretation.

### Trial—Issues Submitted.

Where, by the course of the trial in such a case, counsel concur with the court upon the meaning of issues and questions submitted, so as to impress the jury with that view, they will be bound thereby, although the expression of such meaning may not be legally accurate.

### Same.

These rules applied to questions answered by the jury in this case, and *held* that in the way in which such questions were submitted the answers of the jury are not inconsistent, and support the conclusions of law of the trial court.

### Notice of Unrecorded Deed—Purchaser in Good Faith.

When a purchaser of land for a valuable consideration has notice of facts and circumstances which would put a reasonably prudent man on inquiry of a prior unrecorded conveyance to a third party, he is not a purchaser in good faith, under G. S. 1894, § 4180.

### Public Land—Transfer by Entryman.

Plaintiff purchased a tract of land, entered under 29 U. S. Stat. 246 (c. 316), on which the full amount of the purchase price had been paid by the entryman, but before patent had been issued. *Held,* that the restriction in such act upon transfers of the entryman's rights before the issuance of the patent did not benefit a subsequent purchaser, who procured a deed in fraud of the first grantee.

Action in the district court for St. Louis county to remove a

[1] Reported in 85 N. W. 545.

cloud. The case was tried before Cant, J., who submitted issues to a jury and found in favor of plaintiff. From a judgment entered pursuant to the findings, defendant Meinhardt appealed. Affirmed.

*White & McKeon*, for appellant.

*J. L. Washburn* and *W. D. Bailey*, for respondent.

LOVELY, J.

Defendant Mickel Resch, on May 8, 1899, made an entry of a quarter section in the Duluth land district, making the requisite cash payment to obtain title from the government, under 29 U. S. Stat. 246 (c. 316). The final receipt was delivered, upon which a patent issued to Resch on August 3 following. Immediately after the entry and issuance of the receipt, Resch sold the land to plaintiff, giving him a warranty deed. Plaintiff did not record his deed until several months after it was delivered. He was in ill health and unable to attend to business. In August he went to the hospital, and remained there several months, unable to see callers. After the conveyance from Resch to plaintiff, and while it was still unrecorded, Resch again deeded the land to the defendant Ella J. Deveraux, who, with her husband, afterwards executed and made conveyance to defendant Meinhardt of the same premises. The deed from Resch to Ella J. Deveraux, and the subsequent one from herself and husband to Meinhardt, were recorded prior to the record of the deed from Resch to plaintiff, so that it appeared of record at the time of the purchase by Meinhardt that the title to the land was in Ella J. Deveraux.

This action was brought by plaintiff to set aside the conveyance from Resch to Mrs. Deveraux, as well as the deed from her and her husband to Meinhardt, upon the ground that the grantees were not purchasers in good faith, but had notice of the previous conveyance from Resch to plaintiff. The case was tried to the court. Specific issues were submitted to a jury. Upon the answers to the questions thus submitted, and the findings of the court thereon, judgment was ordered declaring the title of the property to be in plaintiff; also that defendants had no right or title therein; and decreeing the cancellation of the conveyances

to them. Upon these findings judgment was entered, from which defendant Meinhardt appeals.

The findings upon the issues submitted to the jury that are material to the questions raised on this appeal are six in number. The first three relate to the conveyance of Resch to Ella J. Deveraux, and in disposing of them it is sufficient to say that the jury found that Mrs. Deveraux at the time she received her deed from Resch had notice of the prior conveyance to plaintiff; that she did not pay a valuable consideration for the land, nor make such purchase in good faith. The facts so found were not disputed at the trial, and the jury were directed by the court to find as they did with reference to the deed to Mrs. Deveraux, and their conclusions in that regard are not a matter of controversy on this review. The serious question before us arises upon the construction which the court gave to answers to the questions involving notice to Meinhardt of the conveyance from Resch to plaintiff. It is necessary to state such questions and the findings thereon in full. The fourth, fifth, and sixth questions submitted to the jury are as follows:

4. "Did the defendant Emil W. Meinhardt, when he received a deed for the premises described in the complaint herein from Ella J. Deveraux, have notice or knowledge of the existence of a deed of the same premises made by said Resch to the plaintiff?" To this question the jury answered, "No."

5. "Did the defendant Emil W. Meinhardt, when he received said deed from the defendant Ella J. Deveraux, pay a valuable consideration therefor?" The answer to this question was, "Yes."

The sixth question, which we deem of most importance, is as follows:

6. "Did said Emil W. Meinhardt make said purchase in good faith?" to which the jury answered, "No."

The court adopted these answers, and the validity of its judgment depends upon the force to be given them. The evidence in the case was such that the jury could well have found that, while Meinhardt did not know of the actual existence of the deed from Resch to plaintiff, yet he was apprised of such facts and circum-

stances as would excite the suspicions of a man of ordinary prudence, as to the interest of plaintiff in the land.

While we regard the evidence as tending to show that Meinhardt knew of facts and circumstances that would have justified a reasonable man in the inference that the sale to him was not made in good faith, we recognize the fact that this was a question of fact, and it is our duty, in the construction we give to these findings, to discover the real intent of the jury, which is made the practical subject of contention on this review.

It is urged that the answer to the fourth question submitted reasonably embraces the element of good faith on the part of Meinhardt, as well as the conclusion that he purchased the land from Resch without knowledge of the deed to the plaintiff, and further, that the sixth finding, that Meinhardt did not purchase in good faith, is inconsistent with the fourth finding.

There is no doubt, in our judgment, that had the fourth question, without the subsequent sixth question, been submitted to the jury, under proper instructions as to the effect and meaning of legal notice, an answer to such question would include the element of good faith; but it seems very clear that the understanding of the court in the submission of these questions, expressed in its charge to the jury, as well as the course of counsel clearly indicated a distinction between actual knowledge of the existence of the deed to plaintiff and the element of good faith, which embraces a knowledge of facts sufficient to have put Meinhardt upon inquiry as to the ownership of the land. Such distinctions were applied to the different issues and directed to each severally, and the knowledge of the existence of the deed in the fourth finding was treated as actual knowledge of its existence in form and tenor, as distinguished from what is defined in the text-books as legal notice, which implies knowledge of circumstances that would put a prudent person upon inquiry. 2 Devlin, Deeds, § 727. Thus, in disposing of the fourth question, the jury must have answered the same upon the view that actual knowledge of the deed to plaintiff was involved in such question, while in answering the sixth question they took into consideration those facts and circumstances which implied bad faith. In the submission

of these questions to the jury, the trial court, upon an intelligible explanation of their meaning on that theory applied proper rules, the correctness of which was not disputed by opposing counsel.

The charge of the court referring to the fourth question, stated that it was simply a question of fact "whether or not Mr. Meinhardt had notice of the prior deed from Resch to McAlpine," and with reference to the sixth question stated that it was a somewhat broader question than either of the others; and then gave instructions as to what constituted good faith by one who purchased without notice or knowledge of facts which would be sufficient to excite attention of a man exercising ordinary diligence, and the jury were told that if they found that Meinhardt had such notice or knowledge, and failed to make inquiry, then he was not a purchaser in good faith, and, that they had a right, in considering the sixth finding, to take into consideration all the circumstances attending the transaction.

Following this instruction for the plaintiff, counsel for appellant requested an instruction to be applied to the sixth question,

"That if Meinhardt * * * had no notice or knowledge of the previous deed to plaintiff, and no notice or knowledge of any facts that would lead a reasonable man to suppose that such deed was made, he made the purchase in good faith, and you must find that question, the last one, in the affirmative."

Under this division of the question of knowledge, notice, and good faith, without reference to their abstract legal effect in the decisions and text-books, it is impossible to see how the jury could have misunderstood the meaning of the court in its submission of the interrogatories, or have been misled as to the decisive importance of the last question. It may be, and doubtless is, true that legal notice of an unrecorded conveyance would be regarded as embracing a knowledge of such circumstances as would excite inquiry. There was nothing, however, in the submission of this case in the charge to convey that idea or explanation of such legal term to the jury. It seems clear that the somewhat subtle distinction between legal notice and actual knowledge had no effect whatever in the treatment by the jury of the fourth ques-

tion, but that they intended to find that the knowledge referred to in that question was a knowledge of the actual existence in form and tenor of the deed from Resch to Meinhardt, and, under this view, the use of the word "notice" in that question is not inconsistent with the finding. The very element which distinguishes notice from actual knowledge, i. e. knowledge of facts sufficient to excite inquiry, was by appellant's counsel at the trial treated as specifically applicable to the last interrogatory, and, if confusion upon the distinction between the meaning of knowledge and notice exists, it was not pointed out by appellant, but ignored at the trial. The jury were not lawyers, and we doubt not applied the law as given by the court practically without reflection upon distinctions in legal nomenclature.

It cannot be doubted that if defendant Meinhardt did not purchase in good faith, although he paid a valuable consideration, and did not have actual knowledge of the deed to plaintiff, but did have knowledge of circumstances that ought to have put him on inquiry, he is not a purchaser in good faith, under the terms of G. S. 1894, § 4180. This rule of law is not controverted by appellant, and is too elementary to require the citation of authorities.

It is urged that the transfer of the land by Resch to McAlpine was void under the land laws of the United States. It is provided by 29 U. S. Stat. 246 (c. 316, § 3), (the act under which this entry was made):

"That the right of homestead entry conferred by the provisions of this act shall not be assignable, and no conveyance, sale or transfer of the land so entered shall be valid or of any effect if made before patent has issued."

Defendant Meinhardt now invokes this statute to protect the conveyance from Ella J. Deveraux to himself in the controversy as to the title between himself and McAlpine. We do not see how he is entitled to this protection. Whatever title he has rests upon the conceded fraudulent transfer to Mrs. Deveraux, and his position in disputing the title of McAlpine under such circumstances is entitled to but little consideration in a court of equity. If we admit, for the purpose of argument, that the act of congress will bear the construction contended for as between McAlpine

and Resch, the receipt of the money by Resch, and the giving of the deed with full covenants, must be treated as a contract to convey, when Resch acquired the patent. There is certainly no prohibition against an agreement to convey, and Resch's covenant of warranty may be supported as such a contract. Even should the deed be held insufficient as a conveyance of legal title at the time it was made, yet the covenant of warranty operated by way of estoppel against Resch, so that he could not set up a title against plaintiff (Rawle, Cov. §§ 247–249; Knight v. Leary, 54 Wis. 459, 469, 11 N. W. 600; Loveridge v. Coles, 72 Minn. 57, 62, 74 N. W. 1109); and whatever the rights of plaintiff were, under the finding of the jury that defendant Meinhardt did not purchase in good faith, the latter is charged with notice of plaintiff's rights to the property.

It is very probable, however, that the provision in the act of congress against assignments, above referred to, was intended only as a protection to the government, so that the officers of the land department need not be embarrassed in issuing the patent, and that it should run directly to the entryman. In construing a similar provision of the pre-emption statute, this court held, in an early case, that such a view must be given to that provision for the very cogent reason that, after the full purchase price had been paid for the land, a construction should not be placed upon the act that would deprive the purchaser of his right of alienation. Camp v. Smith, 2 Minn. 131 (155).

The judgment of the trial court is affirmed.