## ALEXANDER BERGSTROM v. ANTON JOHNSON and Another.[1]

June 17, 1910.

Nos. 16,534—(45).

**Purchase subject to permit to cut timber — good faith.**
  A deed conveying land to plaintiff was expressly made subject to an outstanding "permit to cut and remove the soft wood timber thereon, * * * expiring May 1, 1907." The date of the expiration of the permit was erroneously given in the deed. It in fact expired September 1, 1907. The

[1]Reported in 126 N. W. 899.

permit contained a provision for an extension of the time within which to remove the timber. In addition to the information communicated by the deed, plaintiff at the time of the purchase of the land was verbally informed of the existence of the permit by the agent of the vendor. It is *held*:

1. The information conveyed both verbally and by the deed of the outstanding permit was sufficient to put plaintiff upon inquiry as to its terms and provisions, and, having failed to make the same, he was not in good faith a purchaser of the property.

2. Plaintiff was not justified in relying upon the recital in the deed, or upon the verbal information of the grantor, that the permit expired May 1, 1907. He should have made further inquiry into the matter, ascertained the name of the permit holder, and learned from him all the facts.

Action in the district court for St. Louis county against Anton Johnson and Zenith Cedar Company to recover $10,360 for the removal of timber from certain land. Defendant Zenith Cedar Company in its answer justified the cutting pursuant to a certain permit bearing date October 8, 1906, from the Dixon Land Company, the owner of the land under a contract of purchase, in consideration of the sum of $2,500; alleged that it was prevented from removing the timber by the weather conditions and the timber permit was extended to September 1, 1908; that plaintiff never purchased the soft wood timber; that plaintiff was not an innocent purchaser thereof for value, but that plaintiff purchased the land with the hardwood timber and the mineral rights thereto, and that the purchase was made with knowledge of defendant's rights to the soft wood timber. The reply was in effect a general denial. The case was tried before Cant, J., who directed a verdict in favor of defendants. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Walter L. Case* and *John A. Keyes,* for appellant.

*Fryberger & Fullon,* for respondents.

BROWN, J.

Action to recover damages for the alleged wrongful and unlawful cutting and removing of a quantity of timber from land owned by plaintiff. A verdict was directed for defendant, and plaintiff appealed from an order denying a new trial.

The facts, undisputed, are substantially as follows: The Boston & Duluth Farm Land Company was the owner of the land, and had contracted to sell and convey the same to one Hendrickson, who assigned the contract to the Dixon Farm Land Company. That company, on October 8, 1906, sold the right to cut and remove all the soft wood timber standing upon the land to the Zenith Cedar Company, defendant herein, for the consideration of $2,500. The contract gave the Cedar Company until September 1, 1907, to remove the timber, with the privilege of an extension, if weather conditions interfered with its work, until September 1, 1908, upon the payment of all taxes then due upon the land. The Hendrickson contract of sale was never completed, and the title to the land reverted to the Boston & Duluth Farm Land Company. Thereafter, on December 31, 1906, that company sold and conveyed the land to plaintiff for the consideration of $702.37. Neither the Hendrickson contract, the assignment thereof, nor the logging permit, were ever recorded. Plaintiff's deed was not recorded until May 23, 1907. Prior thereto, in March, 1907, defendant entered upon the land and commenced cutting and removing the timber under its permit. Weather conditions interfered with its work, and defendant subsequently paid the taxes assessed against the land and secured an extension of the time for completing the work of removal, as provided for by the permit, until September 1, 1908. Before that date defendant cut and removed all the timber, and plaintiff brought this action to recover the value thereof.

The only question presented is whether plaintiff was a purchaser of the land in good faith and without notice of the rights of defendant under its logging permit. The conveyance to plaintiff, was, as expressed in the deed, "subject, however, to a permit to cut and remove the soft wood timber thereon, said permit expiring May 1, 1907." This exception was not only inserted in the deed, but at the time plaintiff purchased the land he was verbally informed of the existence of the permit, so that there is no controversy about the fact that he had actual notice of the fact that the timber had been previously sold. The permit in fact expired September 1, 1907, but the date was erroneously given in the deed as May 1.

Plaintiff testified in reference to his information of the outstanding permit that the agent representing the land company from which he bought the land, and who conducted all the negotiations with reference thereto, did not undertake to sell him the timber, but that "he made the price $702.37 on the land, and told me that I had a very good chance of getting the timber after the first of May." He further testified that he made no inquiry as to the terms of the permit, nor as to who held the same, and that he relied wholly upon the terms of the deed and the statement of the agent of the land company that it expired May 1, 1907.

The essential elements of a bona fide purchase of real property are (1) the payment of a valuable consideration; (2) good faith, without purpose to take an unfair advantage of third persons; and (3) absence of notice, actual or constructive, of outstanding rights of others. Of these, the last only is involved in this case.

It is the contention of plaintiff that he was required to take notice only of the permit mentioned in his deed, and, having bought and paid for the property in reliance on the recital therein that the permit expired May 1, 1907, he was not chargeable with bad faith by his failure to make further inquiry, and, in any event, that he was justified in relying and acting upon the statement of the grantor's agent as to the time the permit expired, and was under no obligation to pursue the subject further. We are unable to concur in this view of the law.

The law imputes to a person knowledge of all facts which the exercise of common prudence or ordinary diligence would by investigation and inquiry develop and disclose. No person can claim the position of bona fide purchaser of property, when he is informed before making the purchase that a third person has some title or interest adverse to the grantor. If he is informed of an outstanding claim, he is under legal obligation to investigate and inquire into its merits, and, failing to do so, is not a purchaser in good faith, within the meaning of the law, if such outstanding claim or title be valid.

In the case at bar, plaintiff was informed of the outstanding permit, and this conveyed to him notice of the existence of rights in some other person, and of all the facts which inquiry concerning those

rights would have disclosed, including the terms of the permit and the provisions thereof granting an extension of the time within which the timber might be removed. 23 Am. & Eng. Enc. (2d Ed.) 508. Reasonable inquiry upon this subject would have brought these facts to light, and conveyed to him complete information concerning the rights of defendant; at least, we are bound to assume, since the right of extension was contained in the permit, that inquiry of the holder thereof would have disclosed the fact.

As no inquiry was made, plaintiff as a matter of law was not a purchaser in good faith, unless his further contention be sound that the information verbally communicated to him by his grantor's agent rendered unnecessary further inquiry. Counsel cite, in support of this particular theory of the case that inquiry of the grantor was sufficient, Jones v. Smith, 1 Hare, 43, and other English cases. While these authorities seem to sustain the claim, they are clearly distinguishable from a case involving facts like those at bar, and were in effect overruled by the later English case of Patman v. Harland, 17 Ch. D. 353. It was held in that case, involving a lease of land, that the lessee had no right to rely upon the statements of his lessor as to the effect of an outstanding claim to the property.

The rule laid down by that case is followed generally by the courts of this country. Acree v. Rozzell, 32 Ky. Law Rep. 1342, 108 S. W. 846; Asher v. Ford, 33 Ky. Law Rep. 222, 109 S. W. 899; Pocahontas v. St. Lawrence, 63 W. Va. 685, 60 S. E. 890; Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 12 Sup. Ct. 239, 35 L. Ed. 1063; Price v. McDonald, 1 Md. 403, 54 Am. Dec. 657; Wilson v. Hunter, 30 Ind. 466; Deason v. Taylor, 53 Miss. 697; Booth v. Yenney (N. J. Eq.) 66 Atl. 1092; Peterson v. Weist, 48 Wash. 339, 93 Pac. 519.

The case of Mercantile Nat. Bank v. Parsons, 54 Minn. 56, 55 N. W. 825, 40 Am. St. 299, does not sustain plaintiff's contention that a sufficient inquiry was made concerning the rights of the holder of the outstanding permit. It appeared in that case that Fletcher had conveyed certain property to one Crowell "as trustee," the Cleveland Mortgage Company being the beneficiary, which trust was invalid. Crowell subsequently made a declaration of trust in favor

of other parties. The court held that the form of the deed to Crowell "as trustee" put persons dealing with him upon inquiry concerning the nature of his title and trusteeship, and that a sufficient inquiry in that case had been made. The court remarked that naturally the persons of whom to inquire were Fletcher, the grantor, and Crowell, the grantee, and that, as Fletcher knew nothing of the second declaration of trust, inquiry of him would have disclosed none of the facts, and that, under the circumstances there presented, inquiry of Crowell and reliance upon his representations were sufficient. No other sources of information were suggested by the record or made known to the purchaser at the time.

In the case at bar, plaintiff had actual notice of an outstanding permit to cut the timber, and he made no inquiry whatever to learn the name of the person holding the same, or as to its terms and provisions. He relied wholly upon the statements of his grantor that it expired on May 1, 1907. This was not the prudent inquiry required of a bona fide purchaser. The rights of third persons cannot thus be extinguished. The purchaser of property incumbered by an outstanding but unrecorded mortgage, of which he had no notice, might, if plaintiff's position be sound, with equal propriety contend that reliance upon the assertions of his grantor, the mortgagor, that the mortgage had been paid, was sufficient to give him the standing of a bona fide purchaser. This, of course, could not be so, nor the mortgagee thus eliminated from consideration. It does not matter that the name of the permit holder did not appear in the deed. Plaintiff should have made an effort to ascertain the name. Wade, Notice, § 313; Christmas v. Mitchell, 3 Ir. Eq. (N. C.) 535. Nor was the information conveyed by the deed so indefinite and uncertain as to dispense with an effort on plaintiff's part to learn the facts. Wade, Notice, § 316; Bellas v. Lloyd, 2 Watts (Pa.) 401. Plaintiff's information was unequivocal, and notified him of the fact, and this was all that was necessary to put him upon inquiry. He occupies no better position than his grantor. St. John v. Sinclair, 108 Minn. 274, 122 N. W. 164.

This disposes of all questions requiring special mention, including the assignments of error challenging the admission of evidence tend-

ing to show the extent of plaintiff's knowledge of the outstanding permit. There was no error in the admission of this evidence.

Order affirmed.