## F. W. MURPHY v. L. A. ANDERSON and Others.[1]

December 31, 1914.

Nos. 18,916—(153).

**Lease — consideration for option to buy.**
1. Where a lease contains an option to purchase the property, the obli-

[1] Reported in 150 N. W. 387.

Note.—Upon the question of specific performance of an option contract, see note in 21 L.R.A. 131.

The authorities on the question of possession as notice of title are gathered in an extensive note in 13 L.R.A.(N.S.) 51.

gations assumed under the lease constitute a sufficient consideration for the option.

**onstruction of option.**

2. An option for the purchase of a particular parcel of land at a specified price per acre is not void for uncertainty as the acreage can be determined by measurement, and the price is payable at the time the option is exercised.

**:Specific performance — conflicting evidence — reversal on appeal.**

3. It is the province of the trial court to determine the conclusions to be drawn from conflicting testimony, and the findings of that court must be clearly against the evidence to justify this court in interfering therewith, whether the fact found is required to be established by a preponderance of evidence, or by clear, convincing and satisfactory proof. The evidence in this case is sufficient to sustain the findings of the trial court to the effect that the written option had subsequently been modified by parol, and that the parol agreement had been acted upon to such an extent as to warrant specific enforcement thereof.

**:Notice to purchaser.**

4. A purchaser of real estate who has knowledge of facts sufficient to put him upon inquiry as to the rights of another therein, and who fails to make such inquiry, is chargeable with notice of such rights and his purchase is subject thereto. Under this rule, the purchase by defendant Rustad was subject to the equitable rights of plaintiff.

Action in the district court for Traverse county to enforce specific performance of a certain oral contract. The case was tried before Parsons, J., who made findings and as conclusion of law found that defendant L. A. Anderson should be required to specifically perform the conditions of the oral agreement of June, 1912, upon payment of the purchase price by plaintiff, and that defendant Rustad had no interest in the property. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Cliff & Purcell, Edward Rustad* and *Charles E. Houston,* for appellants.

*James B. Ormond* and *F. W. Murphy,* for respondent.

TAYLOR, C.

The trial court decreed the specific performance of a contract, made

by plaintiff with defendant L. A. Anderson, for the purchase of the southeast quarter of section 14 in township 127 of range 47 in Traverse county; and defendants, other than the insurance company, appealed from an order denying their motion for a new trial.

Defendant L. A. Anderson is the owner of the land, and had rented it to plaintiff for the year 1911 for a cash rental of $320. On October 31, 1911, he made a written contract with plaintiff which recited that plaintiff had rented the land for the year 1911, that the crops for that year had proven a failure, and that plaintiff had rented the land for the year 1912 for the sum of $320 to be paid on November 1, 1912. The contract then provided that plaintiff should have absolute possession of the entire premises and have all the rents and profits thereof during the season of 1912; and that he should plant the land to such crops as he chose, should have the right to break up and seed any of the unbroken land that he chose, and should not be required to plow back any of the premises. The contract also gave plaintiff the option to purchase the land, at any time on or before November 1, 1912, at the rate of $55 per acre.

Defendants contend that this option is void for two reasons: First, that there is no consideration to support it; second, that its terms are too uncertain and indefinite to be enforced. They do not contend that the obligations assumed under the lease would not constitute a sufficient consideration to sustain the option, if both were a part of the same transaction, but insist that the contract merely contains a recital that a lease had been made, and is not itself the contract of leasing. We are unable to concur in this construction of the contract. It defines the terms of the rental and the rights of the parties, and, as no other or different contract of leasing is shown, we think it must be given effect as itself constituting such contract. Defendants insist that the option is too uncertain and indefinite for enforcement, in that it specifies the price as $55 per acre, but fails to specify the number of acres, or the time, or terms, of payment. It specifies a particular parcel of land which, according to the system of official surveys, should contain 160 acres; the correct acreage may easily be ascertained by measurement; the price per acre is fixed; and a simple computation will determine the exact purchase price. In the ab-

sence of any provision to the contrary, such purchase price would become payable in cash at whatever time plaintiff should elect to enforce his option, and as a condition to such enforcement. It follows that the option contained in the contract is not open to the objections urged.

The trial court found as a fact that in June, 1912, plaintiff notified defendant L. A. Anderson that he had decided to purchase the land, and further found that it was verbally agreed between them, at the time of such notification, that plaintiff should assume a mortgage of $1,500 against the property, should pay the sum of $1,500 on or before November 15, 1912, should pay the remainder of the purchase in instalments of $1,000 each, payable on November 1, 1913, and annually thereafter until the full purchase price has been paid, should pay interest on deferred payments at the rate of 6 per cent per annum from November 1, 1912; should have the right to pay all or any portion of the purchase price at any time he might wish before the dates fixed therefor, and that Anderson should execute to him a warranty deed of the premises free from all encumbrance, except the above mentioned mortgage, whenever the remainder of the purchase price over and above such mortgage should be paid in full.

Plaintiff testified fully and positively to the agreement outlined in the above finding. Anderson denied it. Defendants attack the finding on the ground that, to warrant specific performance, the contract must be established by clear and convincing proof, not by a mere preponderance of evidence, and that the proof of the oral agreement, measured by this rule, is not sufficient to justify the finding. The rule invoked is the rule which governs the trial court in making its findings, but is not the rule which governs this court in considering and passing upon the findings of a trial court. The province of this court is to determine whether the findings of the trial court are reasonably sustained by the evidence, and the rule governing this court is the same whether a preponderance of evidence, or a greater weight of evidence, be required to establish the facts found by the trial court. As said in Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A, 854:

"The evidence must be clearly against the findings to justify in-

terference by this court, whether the fact found is required to be established by a preponderance of the evidence, or by clear, convincing, and satisfactory evidence."

Under this rule the evidence amply sustains the finding in question.

The finding to the effect that plaintiff had made substantial and valuable improvements upon the land under his contract of purchase falls within the same rule, and cannot be disturbed for the same reason.

During the season of 1912, plaintiff performed work in eradicating noxious weeds, in improving the drainage of the land, in removing stone, in plowing for the crop of 1913, and in putting the farm in good condition for future use, which he was not required to do under his lease, and which is not expected of a mere tenant. Part of this work was done before making the oral contract and part thereafter. Anderson knew of these improvements and the court could properly infer from the evidence that he knew that plaintiff made them in the expectation of buying the farm. These facts coupled with the fact that plaintiff. permitted the time fixed by the original written contract to lapse and thereby lost his rights thereunder, but demanded performance on the part of Anderson within the time fixed by the oral contract, are sufficient to sustain the decision of the trial court directing a specific performance of the oral agreement. Janochosky v. Kurr, 120 Minn. 471, 139 N. W. 944, and cases cited therein.

Defendant Rustad wanted the farm, and before the written option expired made an arrangement with Anderson for its purchase in case plaintiff failed to exercise his option. On November 2, 1912, they made a written contract whereby Anderson sold and Rustad purchased the farm. The contract provided for a cash payment and for the payment of the remainder of the purchase price in instalments on or before the dates fixed therein, and for a conveyance of the property when such purchase price should be paid in full. By virtue of this contract Rustad claims to be a good faith purchaser of the farm free and clear of all equities on the part of plaintiff. A brief outline of the situation is necessary to understand the question presented. Plaintiff owned a farm adjoining the one in controversy, and during the summer of 1911 and the summer of 1912 conducted his farming op-

erations upon both places from the buildings upon his own farm.   In the fall of 1912, and apparently in October, he installed a tenant or employee in the buildings on the land in controversy, and placed some of his stock thereon to be cared for by this employee.   He also continued plowing thereon until the ground froze.   He had an employee living on the land, had stock thereon, and had teams engaged in plowing thereon at the time Rustad made his contract to buy it.   Rustad had full knowledge of plaintiff's written contract, but no actual knowledge of his oral agreement.   The land lies about a mile from the village of Wheaton where both Rustad and plaintiff resided, and abuts upon one of the main highways leading from that village.   Rustad was familiar with the premises, and, at the time of making his contract, knew that some one had recently moved into the buildings and was then actually occupying them.   The plowing was open and visible to any one, and could not have been done under the lease, for that expressly relieved plaintiff from doing any plowing.   Rustad not only made no inquiry of plaintiff or of his tenant as to the rights they claimed in the property, but exacted a promise from Anderson not to disclose to plaintiff any of the transactions between himself and Anderson.

The elements necessary to constitute a good-faith purchase of real estate are discussed and fully explained in Bergstrom v. Johnson, 111 Minn. 247, 126 N. W. 899, and, under the rules there stated, we think the facts of the present case imposed upon Rustad the duty to inquire concerning the rights of plaintiff, and that he is chargeable with notice of all facts which such inquiry would have disclosed.   In other words he is chargeable with notice of plaintiff's rights, and hence is not in position to invoke the rules which protect a purchaser who, in good faith, consummates his purchase without notice of outstanding equities.

The foregoing are the substantial questions raised upon the appeal, and as they do not justify a reversal, the order appealed from is affirmed.