MARY FRANCES RITCHIE v. GEORGE A. JENNINGS AND ANOTHER.[1]

November 14, 1930.

No. 28,048.

[1]Reported in 233 N. W. 20.

*William E. Tracy,* for appellants.
*Lewis, Hunt & Palmer,* for respondent.

DIBELL, J.

Action for the specific performance of a contract to sell real property. There were findings for the plaintiff, and the defendants appeal from an order denying their motion for a new trial.

The plaintiff and the defendant George A. Jennings and the defendant Annie A. Jennings are brother and sisters. The plaintiff is a trained nurse and is the widow of a physician who had lived long in Duluth. For a time she was assistant superintendent of St. Luke's Hospital.

In April, 1921, the defendant George A. Jennings sold a house on Lake avenue south to the plaintiff for $1,500, including all of the furniture and equipment in it except a victrola which was retained as his property. There is no substantial dispute that an oral contract of sale was made. There is a dispute as to its terms. The defendants claim that the consideration was to be paid in cash. The plaintiff claims that it was to be paid in instalments at times not definitely fixed. The court, on sufficient evidence, found with the plaintiff on this point.

The defendant George A. Jennings at the time of the oral contract of sale owned a contract for the purchase of the lot and received a deed on September 18, 1922, making him the legal owner in fee. On August 26, 1922, he placed a mortgage of $500 upon it. He put the plaintiff in possession at the time of the sale. The property is located on Park Point across the canal from the business portion of Duluth and is not pretentious. The plaintiff was to pay $1,000 and was to assume the $500 mortgage, making $1,500 in all.

She made some minor repairs and kept the premises in condition. They were not allowed to go to waste. For a time she and her son occupied the garage and rented the dwelling and used the rents as part payment to her brother. After the sale the defendant George A. Jennings went to Alberta, Canada. The plaintiff also went to Canada and returned in the early fall of 1922 and ever since has personally occupied the premises and cared for them. In December, 1922, the defendant George A. Jennings returned from Canada and occupied a room in the dwelling until the early summer of 1928, when he left and lived elsewhere in Duluth. There is some evidence that the plaintiff had a hospital, or was managing one, in Canada, and gave it up to live in Duluth when she bought the property. There is not enough in the evidence and nothing in the findings to make this of importance. The court found, and its finding is sustained, that the plaintiff paid all of the purchase price except $525, and an appropriate decree was directed.

The only question is whether there was such part performance on the part of the plaintiff as justified a decree for specific performance. In 33 Harvard L. Rev. 929, 933-950, is a statement by Dean Pound of the early rule in equity and its later development with a review and discussion of the cases then and since. We do not find it necessary to review the evidence. There was a substantial payment by the plaintiff, a recovery of most of which is now barred by the statute of limitations. The trial court thought the performance sufficient to entitle the plaintiff to relief, and we are content with the result reached. There is a miserable family quarrel on hand. Most of the brothers and sisters are engaged in the squabble. The testimony is unsatisfactory, and the differences in it cannot be explained on the ground of inadvertent mistake. The ultimate fact was peculiarly for the trial court. Nor need we review the cases at length.

Our rule requires such part performance that it would be distinctly wrong and inequitable on the part of the defendant not to convey as he agreed to do. Sometimes the words "equitable fraud" are thought expressive of the principle. Reference is made by

both parties to Trebesch v. Trebesch, 130 Minn. 368, 153 N. W. 754, which involved a gift, but discussed the principle involved. We note in addition Brown v. Hoag, 35 Minn. 373, 29 N. W. 135, and Veum v. Sheeran, 95 Minn. 315, 104 N. W. 135. Payment made and possession taken under a verbal contract go far. Atkins v. Little, 17 Minn. 320 (342). The Minnesota cases are reviewed in 6 Dunnell, Minn. Dig. (2 ed.) § 8885. Those, with the particularly valuable review in the citation from the Harvard Law Review, are sufficient. The case is not a strong one for the plaintiff. In some respects it is weak and uncertain. It is peculiarly one where the careful judgment of the trial court should not be disturbed. A decision either way would end the quarrel.

■ The defendant George A. Jennings in May, 1928, gave a warranty deed of the property involved to his sister Annie, one of the defendants.

The plaintiff was in possession. The sister who took the deed knew that she claimed the property. She claims that she paid her brother a considerable sum, but on sifting the evidence it seems that what she did was to forgive old debts which she claimed he owed her. For obvious reasons she is not an innocent purchaser, and she can claim nothing except such as her brother can claim. She had actual knowledge of the plaintiff's claim and was charged with notice by her possession.

Order affirmed.