## LESLIE F. JOHNSON v. JAMES K. MUGG AND ANOTHER.

·113 N. W. (2d) 1.

January 12, 1962—No. 38,193.

*Harry N. Ray,* for appellant.
*Howard F. Johnson,* for respondent Olson.

KNUTSON, JUSTICE.

This is an appeal from a judgment in favor of defendants entered pursuant to findings of fact, conclusions of law, and order for judgment in a trial by the court without a jury.

452

The action involves an alleged breach of contract to sell a tract of farm land as far as defendant James K. Mugg is concerned and an alleged conversion of some eight or nine rolls of woven wire fence and about 100 steel fence posts as far as defendant Reiger Olson is concerned.

The land involved originally was owned by the father of defendant Olson. When he died, the representative of his estate retained E. J. Lingle, a real estate agent, to sell the farm for the estate. Defendant Olson remained on the farm as a tenant both before and after the sale. The farm was sold to defendant Mugg. Prior to the sale, Mugg was informed by Lingle that all woven wire fence, and the steel fence posts used to erect it, belonged to Olson and would not be sold with the farm. Sometime after Mugg bought the farm, he retained Lingle to sell the farm for him. It was sold to plaintiff. Before this sale was consummated, Lingle informed plaintiff, as he had Mugg, that the woven wire fence belonged to Olson and would not go with the farm.

The fence involved was the only woven wire fence on the farm. It was used by Olson to enclose pasture for sheep and was moved from time to time to various parts of the farm. It was taken up in the fall and in the spring was placed wherever the pasture was to be.

The contract for sale between Mugg and plaintiff makes no mention of the fence.

While there is much conflict in the testimony of the parties, the evidence must be viewed on appeal in the light most favorable to the court's finding, and the credibility of the witnesses is for the factfinder. Applying these rules, the above facts could be found by the court.

As near as we can determine, plaintiff's contention that the court erred rests largely on the proposition that the evidence showing that plaintiff had been informed that the fence belonged to Olson prior to sale of the farm to him and the manner in which it was used was inadmissible for the reason that it tends to contradict and vary the terms of the written instrument covering the sale between Mugg and plaintiff and that, in the absence of such inadmissible evidence, there is no evidence to sustain the court's findings in this regard.

■ Plaintiff's contentions are untenable. In the first place, it is the tenant Olson who claims to be the owner of the fence. He was not a

party to the contract for the sale of the land. Ordinarily the parol evidence rule has no application to a stranger to the written instrument.[1]

█ The parol evidence admitted in this case was not intended to vary the terms of the written instrument. It was intended to show, first, that the fence was not a fixture at all, and second, if it was, plaintiff was informed prior to purchase that it was claimed by Olson as his property and was not to be included in the sale.

In Anchor Cas. Co. v. Bird Island Produce, Inc. 249 Minn. 137, 147, 82 N. W. (2d) 48, 55, we said:

"* * * The prohibition of the parol evidence rule is not against the use of extrinsic circumstances for the purpose of interpretation 'but against making them the instruments of contradiction of an expressed contractual intent.' Wilmot v. Minneapolis Auto. Trade Assn. 169 Minn. 140, 142, 210 N. W. 861."

█ Plaintiff relies mainly on Pabst v. Ferch, 126 Minn. 58, 147 N. W. 714, L. R. A. 1915E, 822. That case, like this, involved sale of a farm, and it was alleged that defendant, a tenant on the farm, had converted some property, after the sale, that constituted fixtures. With respect to the questions involved here, we said in that case (126 Minn. 60, 147 N. W. 715):

"Though the principles of the law of fixtures are well settled, there are no fixed rules or standards, applicable alike to all cases, by which to determine what are or are not removable as such. Each case must be determined in the light of its own particular facts. * * * As between landlord and tenant, specific articles of personal property attached to real estate might be removable as fixtures, and entirely the reverse be true as between the tenant and a purchaser of the realty *without notice of the tenant's rights.* As between such purchaser, *without notice,* and the tenant, it may safely be stated as a general rule that the purchaser of land takes all articles of personal property which

---

[1]Davis v. Moses, 172 Minn. 171, 215 N. W. 225; State, by Lord, v. Rust, 256 Minn. 246, 98 N. W. (2d) 271; 9 Wigmore, Evidence (3 ed.) § 2446; see, also, dictum in Horn v. Hansen, 56 Minn. 43, 57 N. W. 315, 22 L. R. A. 617.

are annexed thereto at the time of the purchase, where in character they are such as ordinarily are attached as *permanent* improvements of the particular class of realty. This would of course exclude all such chattels, though in some form or other attached to the land, as apparently were brought and placed thereon for some domestic use or convenience, such as trade fixtures, and such as ordinarily are not essential or indispensable to the use and enjoyment of the land or the purposes to which it may have been improved or adapted." (Italics supplied.)[2]

Here the fence was of a temporary nature. It was not on a boundary line. It was taken up and moved annually to different locations. If the fence had not been erected at the time of the purchase but had been rolled up temporarily for use in the future, clearly it would have been personal property and not a fixture. The mere fact that it happened to be erected temporarily, with the posts set in the ground, is not conclusive. The manner in which a chattel is attached to the real estate is not always conclusive but is only one of the factors to be considered in determining whether the article has become a part of the realty or is a removable chattel.[3]

■ The evidence sustains the court's finding that plaintiff was advised of Olson's claim to the fence before he purchased the land. Under these circumstances, it was incumbent upon him to at least make further inquiry as to Olson's ownership. Where a purchaser of land has knowledge of the rights of a tenant he may not ignore such knowledge and thereafter defeat the right of the tenant. With the knowledge that plaintiff had of Olson's claim to this fence, a fact question existed as to whether the fence was a fixture passing with the land or whether it was a removable chattel owned by Olson. The evidence amply sustains the court's findings that the fence and fence posts were not fixtures that would pass with the land. Furthermore, even if they were fixtures, plaintiff's knowledge of Olson's claim to ownership required some inquiry on his part as to what the facts were and whether

---

[2]For a discussion of the similarity between trade fixtures and agricultural fixtures, see 22 Minn. L. Rev. 563.

[3]Hanson v. Vose, 144 Minn. 264, 175 N. W. 113, 7 A. L. R. 1573.

he would acquire such fence by purchase of the land. There is no reversible error.

Affirmed.