Sandra Sue ANDERSON, Respondent,

Patricia Arnold, Formerly Patricia Horstman, as General Guardian of the Persons and Estates of Mark Thomas Horstman, et al., Respondent,

v.

GRAHAM INVESTMENT COMPANY, et al., Defendants,

Top King, Inc., and Patrick Cody, Appellants.

No. 47136.

Supreme Court of Minnesota.

Jan. 13, 1978.

Sheldon J. Eviden, Minneapolis, for appellants.

Henson & Efron and Wellington W. Tully, Jr., and Stuart T. Williams, Minneapolis, for Anderson.

Theil, Sorenson & Hansing, Russell A. Sorenson, Minneapolis, for Arnold.

Heard before ROGOSHESKE, KELLY, and WAHL, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

Patricia Arnold, formerly Patricia Horstman, and her first husband, Thomas Horstman, sold equitable interests in three subdivided metes-and-bounds parcels from a vacant, unoccupied, 63.45-acre tract of lakeshore property to three different purchasers. Patricia Arnold later sold the equitable interest in the entire tract to another party. Following a court trial, judgment was entered awarding title to the equitable interest in the entire tract to the other purchaser, Sandra Sue Anderson, upon a finding that she was a subsequent bona fide purchaser whose conveyance was first recorded. Prior purchasers whose interests were extinguished by the judgment were awarded damages against Patricia Arnold. We hold the trial court correctly interpreted the applicable rules of law, and its factual findings are adequately supported by the evidence.

The record presented on appeal discloses the following undisputed facts. Patricia Arnold and Thomas Horstman, then husband and wife, acquired an equitable interest in the lakeshore tract by a 1967 contract for deed from the fee owner, Graham Investment Company. In 1968, they sold three separate parcels fronting on the lake by contracts for deed to William and Anne Cook, Thomas G. and Jo Anne Matthews, and Thomas H. Houde and Thomas E. Houde. In 1970, Patricia Arnold and Thomas Horstman were divorced. The divorce decree awarded their interest in the tract to Patricia as guardian for the benefit of their minor children. On September 11, 1972, Patricia, as guardian, conveyed by contract for deed her children's entire interest in the tract, including the parcels previously sold to the Cooks, Matthews, and Houdes, to Sandra Sue Anderson. Only the Cooks' interest was then filed of record, as they had recorded their conveyance on March 20, 1969.[1] On May 9, 1973, at 9 a. m., the Matthews recorded their conveyance, and on the same day at 4:30 p. m., Anderson recorded her contract for deed. The Houdes recorded their contract for deed on May 18, 1973. Thereafter, on July 11, 1973, the Houdes conveyed their interest by quitclaim deed to Top King, Inc.

Following a consolidated trial of the two lawsuits resulting from these multiple sales, the trial court found that Patricia Arnold negligently and mistakenly sold her children's interest in the property both to the Houdes and Anderson, and that at the time of the latter's purchase on September 11, 1972, Anderson was a "bona fide purchaser" having "no actual, constructive or imputed notice" of the Houdes' interest. The court found further that the difference between the market value of the land and the unpaid balance of the Houde contract was $2,644.84. In accordance with these findings, judgment was entered declaring Top King's interest in the tract void and awarding it $2,644.84 against Patricia Arnold individually. Top King appeals from the judgment.[2]

On this appeal, Top King challenges the court's finding that Anderson was a bona fide purchaser and claims that the damages awarded should have been measured as of May 9, 1973, the date Anderson's contract was recorded, rather than September 11, 1972, the date of her purchase. Minn.St. 507.34, the so-called Recording Act, provides in pertinent part:

"Every conveyance of real estate shall be recorded in the office of the county recorder of the county where such real estate is situated; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any part thereof, *whose conveyance is first duly recorded,* * * * ." (Italics supplied.)

As successor in interest to the Houdes, Top King's rights in the premises depend upon

1. The Cooks were not parties to either of the two suits involved in this dispute because Patricia Arnold, as guardian, repurchased their interest.

2. The Matthews also appealed, but their appeal was dismissed as untimely.

the Houdes' rights as against Anderson as of the date she recorded her contract. It is beyond dispute that as to the Houdes conveyance the Anderson conveyance was first duly recorded.[3] Section 507.34 declares the Houde interest void as against the subsequent purchaser, Anderson, if she was, as of the time of her purchase on September 9, 1972, a bona fide purchaser or, in the words of the Recording Act, a "subsequent purchaser in good faith and for a valuable consideration." Such a purchaser is defined as one who gives consideration in good faith without actual, implied, or constructive notice of inconsistent outstanding rights of others. *Bergstrom v. Johnson*, 111 Minn. 247, 250, 126 N.W. 899, 900 (1910). A purchaser who has either actual, implied, or constructive notice of such outstanding rights is not a bona fide purchaser entitled to the protection of the Recording Act. *Ritchie v. Jennings*, 181 Minn. 458, 461, 233 N.W. 20, 21 (1930) (actual notice); *Henschke v. Christian*, 228 Minn. 142, 36 N.W.2d 547 (1949) (implied or inquiry notice); *Latourell v. Hobart*, 135 Minn. 109, 113, 160 N.W. 259, 260 (1916) (constructive or record notice).

■ The uncontradicted evidence establishes that Anderson had in fact no actual knowledge of the prior sales at the time of her purchase. She was then unaware of the Cooks' interest, as her lawyer unaccountably had not found their prior recorded interest in his title search. The tract was vacant, and she visited it seven or eight times prior to her purchase, finding nothing to indicate that anyone possessed or used the land.[4] Top King, however, argues that, since Anderson was unquestionably charged with constructive notice of the prior recorded conveyance to the Cooks, such constructive notice should be held to put a reasona-

ble purchaser on further inquiry which would have disclosed the Houdes' unrecorded interest, thus defeating her status as a good faith purchaser. It is true that under Minn.St. 507.32 a purchaser is charged as a matter of law with constructive notice of any properly recorded instrument. *Latourell v. Hobart, supra*; *Smith v. Lockwood*, 100 Minn. 221, 110 N.W. 980 (1907).[5] Constructive notice is a creature of statute and, as a matter of law, imputes notice to all purchasers of any properly recorded instrument even though the purchaser has no actual notice of the record. By force of § 507.32, Anderson could not be a bona fide purchaser as to the Cooks' prior recorded interest.

■ The critical question is whether such imputed notice should itself be held to be provocative of further inquiry. As applied to this case, the question is whether the existence of the Cooks' recorded interest, despite the fact that Anderson had no actual knowledge of it, should be treated as actual knowledge of a fact which would put a reasonably prudent person on inquiry as to the existence of any other outstanding interest, including the Houdes' prior unrecorded interest. If it should be so treated, then proof that reasonable inquiry would have disclosed the Houdes' prior unrecorded conveyance would require charging Anderson with implied notice. See, *Henschke v. Christian*, 228 Minn. 142, 36 N.W.2d 547 (1949); 8 Thompson, Real Property, § 4326. Posing the question under the facts of this case makes obvious the answer that constructive notice cannot be expanded to supply the absence of actual knowledge of facts necessary to support proof by inference of implied notice. Where we have found implied notice, it has been based upon *actual knowledge* of facts which would put one on further inquiry, not upon imputed

---

3. The word "conveyance" as used in the so-called Recording Act, Minn.St. 507.34, has been held to include contracts for deed. *Watts v. Lundeen*, 165 Minn. 300, 206 N.W. 444 (1925); 16 Dunnell, Dig. (3 ed.) § 8272.

4. It has been held that knowledge of a tenant's open possession and use of property would put a subsequent purchaser on inquiry, charging the purchaser with notice of the tenant's claimed interest in the property. See, e. g.,

*Konantz v. Stein*, 283 Minn. 33, 42, 167 N.W.2d 1, 8 (1969); *Johnson v. Mugg*, 261 Minn. 451, 454, 113 N.W.2d 1, 3 (1962). But this rule has no application to the facts of this case.

5. Minn.St. 507.32 provides in pertinent part: "The record, as herein provided, of any instrument properly recorded shall be taken and deemed notice to parties."

record notice of such facts. See, e. g., *Konantz v. Stein*, 283 Minn. 33, 167 N.W.2d 1 (1969); *Johnson v. Mugg*, 261 Minn. 451, 113 N.W.2d 1 (1962); *Murphy v. Anderson*, 128 Minn. 106, 150 N.W. 387 (1914); *Bergstrom v. Johnson*, 111 Minn. 247, 126 N.W. 899 (1910); *McAlpine v. Resch*, 82 Minn. 523, 85 N.W. 545 (1901); *Cummings v. Finnegan*, 42 Minn. 524, 44 N.W. 796 (1890). We have consistently held that a recorded interest is constructive notice only of the facts appearing on the face of the record. *May v. Ackerman*, 235 Minn. 273, 51 N.W.2d 87 (1951); *Niles v. Cooper*, 98 Minn. 39, 107 N.W. 744 (1906); *Bailey v. Galpin*, 40 Minn. 319, 41 N.W. 1054 (1889). In *Niles v. Cooper*, 98 Minn. 42, 107 N.W. 745, it is pertinently stated:

" * * * The authorities are uniform that actual possession of real property is notice to all the world of the title and rights of the person so in possession, and also of all facts connected therewith which reasonable inquiry would have developed. The rule in this respect differs from the rule of constructive notice, arising from the record of instruments affecting the title to land; for there *the record is notice only of what appears upon its face, and such additional facts as its language directs attention to. In such cases the purchaser may rely upon the state of the title as shown by the record, without further search or inquiry. Bailey v. Galpin*, 40 Minn. 319, 41 N.W. 1054." (Italics supplied.)

We conclude, and specifically hold, that constructive notice of one recorded, inconsistent, prior interest in real property will not charge a subsequent purchaser with inquiry notice of another prior unrecorded conveyance to a third party. This disposition is consistent with the policy of the Recording Act and with the trend in most jurisdictions to uphold the rights of bona fide purchasers in order to enhance the marketability of land.[6]

Top King also seeks review of the damages awarded, contending that the

market value of its interest should have been fixed as of the date the Anderson contract was recorded rather than the date of her purchase. In determining Top King's damages, the trial court did not indicate the date it used in fixing the property's value, although the record shows that virtually all of the testimony as to the property's value related to the date of the Anderson purchase. While we are inclined to the view that the market value in a case such as this should have been fixed as of the time Top King lost title, *Hilligas v. Kuns*, 86 Neb. 68, 124 N.W. 925 (1910), and *Fleckten v. Spicer*, 63 Minn. 454, 65 N.W. 926 (1896), the record submitted does not warrant a remand for a retrial of that issue. No objection to using the date-of-purchase value was raised before the trial court, and at the very least, Top King has not demonstrated that the claimed error was not harmless. Rule 61, Rules of Civil Procedure.

Affirmed.

---

6. See, generally, Straw, *Off-Record Risks for Bona Fide Purchasers of Interests in Real Property*, 72 Dickinson L.Rev. 35, 38; Axelrod, Berger, and Johnstone, Land Transfer and Finance, p. 594.