Robert B. MILLER, Respondent,

v.

Hazel HENNEN, et al., Defendants,

Comet Enterprises, Inc., Appellant
(C3–87–2056) Respondent
(C5–87–2057),

Amy O. Johnson, Respondent
(C3–87–2056) Appellant
(C5–87–2057),

Steven Coddon, E.T. Financial,
Inc., Respondents.

Nos. C3–87–2056, C5–87–2057.

Court of Appeals of Minnesota.

May 31, 1988.

Review Granted Aug. 17, 1988.

Michael R. Ring, Tanner & Ring, Hastings, for Robert B. Miller.

Mark V. Lofstrom, Minneapolis, for Comet Enterprises, Inc.

Reid J. Hansen, McMenomy & Severson, Rosemount, for Amy O. Johnson.

Steven Coddon, pro se.

Timothy Campion, pro se.

Heard, considered and decided by RANDALL, P.J., and MULALLY and THOREEN, JJ *.

## OPINION

RANDALL, Judge.

Respondent Robert Miller (Miller) brought a quiet title action on a 16 acre tract of land he acquired at a mortgage foreclosure sale and by quit claim deed. Appellants claimed independent interests in the property. The trial court found Miller's claim of ownership superior to all other interests. We affirm.

## FACTS

In 1983 Miller and a real estate broker, Steven Coddon, entered into a joint business venture to acquire 16 acres of land as distressed property. Record fee title to the property was held by Hazel Hennen. A contract for deed had been issued by Hennen to Circle Holding Company (Circle Holding) and Oakview Corporation (Oakview) in 1970, but remained unrecorded until March 1987. Circle Holding and Oakview quitclaimed their interest in the property to Cedar Holding Company (Cedar Holding) in 1972, but that deed was lost and not recorded until March 1987. Cedar Holding, with no interest showing of record, executed seven mortgages, including those here in issue. All mortgages were recorded in March 1972. In 1978 Amy O. Johnson was assigned, and recorded, one of the mortgages. In 1986, three of the mortgages were assigned to Comet Enterprises, Inc., which also recorded.

In September 1974 Hazel Hennen executed a warranty deed to the property in favor of First Guaranty Corporation (First Guaranty). The deed was not recorded. First Guaranty executed four mortgages. One of the mortgages was assigned to Steven Coddon. First Guaranty then quitclaimed its interest in the property to Investment Sales Diversified, which proceeded to quitclaim its interest to Park Metropolitan Investment Fund, Inc. Those deeds were not recorded.

In January 1985 Miller purchased 13.2 acres of the total 16 acre tract at a foreclosure sale of Coddon's interest. That deed was recorded March 1985. In January 1987 Hazel Hennen quitclaimed the entire 16 acre tract to Miller. That deed was recorded within the same month.

Miller brought an action to quiet title and remove all other interests on the land in October 1986. The trial court held the seven mortgages originating with Cedar Holding void as to Miller because Cedar Holding is a stranger to the record title. The trial court also determined Miller's interest superior to all others as a matter of equity.

## ISSUE

Did the trial court err in concluding Miller is entitled to ownership of the property free and clear of all other interests?

## ANALYSIS

■ The Minnesota Recording Act provides, in pertinent part:

Every conveyance of real estate shall be recorded in the office of the county recorder * * *; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any part thereof, whose conveyance is first duly recorded * * *. The fact that such first recorded conveyance is in the form, or contains the terms of a deed of quitclaim and release shall not affect the question of good faith of such subsequent purchaser or be of itself notice to the subse-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

quent purchaser of any unrecorded conveyance of the same real estate or any part thereof.

Minn.Stat. § 507.34 (1986). A purchaser in good faith is one who gives consideration without actual, implied, or constructive notice of inconsistent outstanding rights of others. *Anderson v. Graham Investment Co.*, 263 N.W.2d 382, 384 (Minn.1978).

Johnson and Comet (appellants) argue that the Minnesota Recording Act does not protect Miller because he is not a purchaser in good faith within the meaning of the statute. They claim their mortgages were recorded before Miller purchased the property, providing him with notice of their interests.

■ We agree with the trial court that Miller is entitled to the protection of the Minnesota Recording Act as a good faith purchaser without notice. A finding of constructive notice is based upon actual knowledge of facts which put the purchaser on further inquiry notice. *Id.* A recorded interest is only constructive notice of the facts appearing on the face of the record. *Id.* at 385.

[C]onstructive notice of one recorded, inconsistent, prior interest in real property will not charge a subsequent purchaser with inquiry notice of another prior unrecorded conveyance to a third party. This disposition is consistent with the policy of the Recording Act and with the trend in most jurisdictions to uphold the rights of bona fide purchasers in order to enhance the marketability of land.

*Id.* (Footnote omitted).

■ Miller made a proper examination of the tract index prior to purchasing the property. Although the index did list appellants' mortgage interests, there was no record of how the mortgagor ever acquired an interest. We conclude that since Miller was not on notice, he was not required to investigate outside the index into Cedar Holding's unrecorded interest. We affirm the trial court's conclusion that Miller conducted a reasonable title search, is protected by the Minnesota Record Act, and has effectively extinguished appellants' claimed interests.

Appellants argue that the trial court erred in concluding the mortgages, executed by Cedar Holding and assigned to them, void as against Miller. The trial court held the mortgages void because Cedar Holding is a stranger to the record title, as it never acquired any interest in the property, except as the assignee of a vendee on a contract for deed that was not recorded until after commencement of this action.

■ We agree. Cedar Holding's interest was not of record when Miller purchased the land, there was no proof that an interest in the property was ever conveyed to Cedar Holding, or that Cedar Holding had any interest to convey to appellants.

The [Recording Act] cannot be construed so as to give priority to a deed recorded before, which shows no conveyance from a record owner. *It was necessary, not only that the deed to [appellant] should be recorded before the deed to [Miller], but also that the deed to [appellants'] grantor should be first recorded.*

*Board of Education of Minneapolis v. Hughes*, 118 Minn. 404, 410, 136 N.W. 1095, 1097–98 (1912) (emphasis added). In order for appellants to prevail, it would have been necessary for Cedar Holding, as well as appellants, to have recorded their interests before Miller recorded.

Appellants take issue with the finding of the trial court that Miller's interest prevailed "as a matter of equity." They claim that equitable consideration should have no place in quiet title and land registration matters.

Although our decision does not rest on equitable relief, we do not disagree with the trial court's conclusion that, if equity is considered, Miller's claim rates higher than appellants'.

Prior to Miller's commencement of this action, nothing had been done by any other party claiming an interest. The property taxes were delinquent; the mortgages of record were delinquent; there was no proper recorded chain of title from the fee owner; the property was vacant and landlocked; and documents of title had been

lost or misplaced. Notice of the fore-closure sale was published as required by statute, yet none of the mortgagees of record redeemed at the sale. Miller expended substantial monies for acquisition costs, including delinquent taxes, recording fees, and related matters. We find nothing in the record which compels a conclusion that the trial court's finding Miller's claim to the property superior to appellants' was erroneous.

## DECISION

Miller, as a good faith purchaser, is protected by the Recording Act and is entitled to the property free and clear of all other interests. Appellants' mortgages are void as to Miller because the mortgagor, Cedar Holding Company, is a stranger to the record title. Cedar Holding never acquired any recorded interest in the property prior to Miller's purchasing the property at a mortgage foreclosure sale.

Affirmed.